STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-334


RAY A. ARDOIN

VERSUS

SWDI


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 04-6529 & 04-6533
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.


AFFIRMED.


Anthony C. Dupre
Attorney at Law
P. O. Drawer F
Ville Platte, LA 70586
(337) 363-3804
Counsel for Plaintiff/Appellant:
    Ray A. Ardoin

Wade A. Langlois, III
Gaudry, Ranson, Higgins & Gremillion, L.L.C.
401 Whitney Avenue, Suite 500
Gretna, La 70056
(504) 362-2466
Counsel for Defendant/Appellee:
    SWDI

**DECUIR, Judge.**

At issue in this workers' compensation case is an exception of improper venue. The exception was maintained by the judge for District 2 of the Office of Workers' Compensation, which district is headquartered in Rapides Parish and encompasses Evangeline Parish where the claimant now resides. The claimant appeals the ruling of the OWC judge, and for the following reasons, we affirm.

The claimant, Ray Ardoin, filed two disputed claims for compensation against his employer, SWDI, Inc., a garbage collecting contractor doing business in Lafourche Parish. The first claim resulted from an accident which occurred on June 16, 2003, and the second stemmed from an accident on August 13, 2003, both in Lafourche Parish. At the time of both accidents, Ardoin was a resident of Lafourche Parish; the parties indicate he was in the custody of the Louisiana Department of Corrections and was participating in a work release program with SWDI. He was housed in a corrections facility in Raceland. The parties further indicate that Ardoin was released from state custody shortly after the accidents and returned to his lifelong home in Evangeline Parish.

The Workers' Compensation Act contains venue provisions at La.R.S. 23:1310.4, which provides in pertinent part:

A. (1) At the time a claim is initiated with the director, the claimant shall elect the situs of necessary hearings by the workers' compensation judge.

(2) If the claimant is a domiciliary of the state of Louisiana, he shall be required to elect either the judicial district of the parish of his domicile at the time he sustained his injury, the judicial district of the parish where the injury occurred, or the judicial district of the parish of the principal place of business of the employer.

. . . .

B. After the election has been made as provided above, all future hearings affecting the claimant's case shall be held in the workers' compensation district so designated unless the workers' compensation judge, upon agreement by the claimant and the employer, shall transfer

such cause for hearing to any other workers' compensation district agreed upon. In addition, hearings may be held in any workers' compensation district if the workers' compensation judge determines that good cause has been shown.

In this appeal, the parties have focused their arguments on the domicile of the claimant at the time of the accidents. Ardoin contends that while he resided in Lafourche Parish during his incarceration, his domicile remained in Evangeline Parish. The disputed claims for compensation filed by Ardoin list his address as Evangeline Parish, but both identify his place of residence at the time of the accidents as Lafourche Parish. In briefs to the OWC and to this court, Ardoin asserts that he never intended to change his domicile when he was involuntarily sent to Lafourche Parish, citing bank accounts, voter registration, and divorce proceedings all in Evangeline Parish, albeit without evidentiary proof. Ardoin relies on jurisprudence which holds there is a presumption "that the previously established domicile of the person, or his domicile of origin, has not been changed. *Succession of Barger*, 217 So.2d 779 (La.App. 4 Cir. 1969)." *LaFleur v. Seaboard Fire & Marine Ins. Co.*, 296 So.2d 860, 863 (La.App. 3 Cir. 1974), *writ refused*, 300 So.2d 185 (La.1974).

To the contrary, SWDI references the longstanding jurisprudential rule that a person's domicile is presumed to be in the place where he resides, citing *Alter v. Waddill,* 20 La.Ann. 246 (1868). In this case, the place of residence was Lafourche Parish as indicated on the claims filed by Ardoin. SWDI suggests that the domicile of an inmate is chosen by the Department of Corrections and is the parish in which he is incarcerated, not the parish to which he will return upon release. SWDI relies on La.R.S. 13:3237, which provides that an inmate may be sued at the place of his "former domicile," language indicating that an inmate obtains a new domicile upon incarceration.

The OWC judge reached the following conclusions:

2

> [C]onsidering that Mr. Ardoin was incarcerated [and] in a work-release program at the time that the accident occurred, it actually did not occur in the parish served by the district of this Court, and the place where Mr. Ardoin was housed and had been, apparently, housed for a considerable period of time was not in the district of this Court. This Court would order this matter transferred to the District 09 and he can proceed with his claim there. The accident happened there. The witnesses are apparently there. I don't see where it [would] work any hardship on Mr. Ardoin to continue pursuing his claim in District 09.

The OWC judge did not make a factual finding as to Ardoin's domicile. Indeed, the court was presented with no evidence of domicile; rather, references were made only as to residence at the time of the accidents and at the time the claims were filed. However, we find such evidence unnecessary to a determination of proper venue in this instance. Our review of these proceedings reveals no error in the conclusion reached below. The OWC judge was authorized to transfer this case to any other district in the state under La.R.S. 23:1310.4(B), which provides that "hearings may be held in any workers' compensation district if the workers' compensation judge determines that good cause has been shown." The judge was satisfied that good cause was shown for the transfer of this case. We find no manifest error in this conclusion.

For the foregoing reasons, the judgment rendered by the Office of Workers' Compensation ordering the transfer of this matter to District 9 is hereby affirmed. Costs of this appeal are assessed to the claimant, Ray Ardoin.

**AFFIRMED.**