945 So.2d 124 (2006)
Athena ANDREW-HONG and Amy Andrew-Lee, Individually and on Behalf of the Estate of Martin Andrew
v.
The GRAY INSURANCE CO., ConstructionSouth, Inc. and Patton Construction Systems, Inc.
Stacey Ritter
v.
Patton Construction Systems, Inc., ConstructionSouth, Inc., and Gray Insurance Company.
Nos. 2006-CA-0093, 2006-CA-0094.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 2006.
*125 Robert B. Evans, III, Cesar R. Burgos, New Orleans, LA, for Athena Andrew-Hong and Amy Andrew-Lee, Individually and on Behalf of the Estate of Martin Andrew.
Brian C. Beckwith, Gretna, LA, for Stacey Ritter and Brandy Ritter.
Donald C. Douglas, Jr., Richard S. Vale, Blue Williams, L.L.P., Metairie, LA, for ConstructionSouth, Inc. and The Gray Insurance Company.
(Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Martin Andrew was killed on September 16, 2002, while working as a carpenter on the construction of the New Orleans Metropolitan Convention and Visitors Bureau (Visitors Bureau). Workers were in the process of installing a wood-and-steel wall to create a mold for a concrete elevator shaft, when a 10 × 12 foot section of the wall fell and struck decedent, hurling him against a wall and leaving him hanging in his safety harness.
Mr. Andrew's children filed two wrongful death lawsuits, which have been consolidated.[1] The decedent's children claim *126 that Mr. Andrew was employed by Labor Finders, Inc. (Labor Finders) and was working as a carpenter for ConstructionSouth, Inc. (ConstructionSouth). In its answer, ConstructionSouth and its insurer, Gray Insurance Company, asserted that it had been the decedent's statutory employer, and thus was liable to plaintiffs only in workers' compensation, not in tort. ConstructionSouth and Gray Insurance Company filed a motion for summary judgment to establish as a matter of law that Mr. Andrew was a borrowed servant and as such the exclusive remedy of the plaintiffs was under the workers' compensation laws. The trial court granted the motion for summary judgment and dismissed the plaintiffs' claims against ConstructionSouth and Gray Insurance Company. This appeal followed.
The plaintiffs have raised separate assignments of error. First, Athena Andrew-Hong and Amy Andrew-Lee argue that the trial court erred in determining that Mr. Andrew was a borrowed servant rather than a contract worker for ConstructionSouth.[2] ConstructionSouth claims that the courts have consistently found the type of temporary labor relationship it has with Labor Finders to be one of a borrowed-servant relationship.
This Court reviews the granting of a motion for summary judgment de novo using the same criteria as the trial court. Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir.1996); 681 So.2d 433. If the mover establishes that there are no genuine issues of material fact to be decided, summary judgment is warranted. La. C.C.P. art. 966.
Labor Finders is a provider of temporary labor. Labor Finders supplied ConstructionSouth with workers for their construction projects. The courts have set factors that are to be considered in determining whether a worker should be characterized as a borrowed servant. Those factors are as follows:
1. Who had control over the employee and the work he was performing beyond mere suggestion of details or cooperation?
2. Whose work was being performed?
3. Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?
4. Did the employee acquiesce in the new work situation?
5. Did the original employer terminate his relationship with the employee?
6. Who furnished tools and place for performance?
7. Was the new employment over a considerable length of time?
8. Who had the right to discharge the employee?
9. Who had the obligation to pay the employee?
Hall v. Equitable Shipyard, Inc., 670 So.2d 543 (La.App. 4th Cir.1996) citing Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir.1993).
The courts consider an employee borrowed, for workers' compensation purposes, when his general employer gives up control to his borrowed employer. Freeman v. Brown's Furniture of Bunkie, Inc., 527 So.2d 544 (La.App. 3d Cir.1988). Although no one factor is dispositive in determining borrowed servant status, the control factor weighs heavily in favor of borrowed servant status.
*127 In support of the summary judgment, ConstructionSouth and Gray Insurance Company, presented the affidavit of Conrad Appel, President of ConstructionSouth, Inc. Mr. Appel attested to the fact that Labor Finders did not provide any supervision for its employees on the ConstructionSouth job site. All work on the ConstructionSouth job site was overseen and supervised by ConstructionSouth personnel.
Further, ConstructionSouth and Labor Finders had an agreement in place that specified the terms of the relationship between Labor Finders and ConstructionSouth. More specifically, the agreement is titled "Account Terms" and addresses ConstructionSouth's payment of earned wages to Labor Finders and Labor Finders' responsibility to the employee regarding payroll. The document provides sufficient information to establish that Labor Finders was the general employer of Mr. Andrew.
Mr. Andrew's work for ConstructionSouth was in furtherance of the completion of the Visitors Bureau. Clearly, this benefited ConstructionSouth. Mr. Andrew worked on the New Orleans Metropolitan Convention and Visitors Bureau project from July 10, 2002 until his death on September 16, 2002. There is nothing in the evidence to dispute that he acquiesced to the work situation.
From the record it appears the only thing Labor Finders did in relation to Mr. Andrew during the time he was working for ConstructionSouth was draft his paycheck in accordance with the hours submitted by ConstructionSouth. There is absolutely no indication that Labor Finders had any presence on the job site or maintained any relationship with Mr. Andrew while he was working for ConstructionSouth.
As per the agreement between Labor Finders and ConstructionSouth, ConstructionSouth provided equipment and tools for Labor Finders' employees. Mr. Andrew worked exclusively at the ConstructionSouth job site for approximately two months. Although two months is not a substantial period of time, under the circumstances of this case we do not find the brief period of employment is an indication that Mr. Andrews was not a borrowed servant.
Mr. Appel's affidavit also established that ConstructionSouth had the authority to fire a Labor Finders' employee for dissatisfactory work. Additionally, by their agreement, ConstructionSouth maintained the records of Mr. Andrew's hours and paid Labor Finders a predetermined hourly rate for those hours. In turn, Labor Finders would issue Mr. Andrew a check. ConstructionSouth was the source of the funds used to pay Mr. Andrews' wages. This is yet another factor found to be consistent with that of a borrowed servant.
For the reasons provided we must find that as a matter of law Mr. Andrew was a borrowed servant and therefore, ConstructionSouth is afforded the immunity provided such employers by La. R.S. 23:1032.[3] Thus, workers' compensation *128 provides the exclusive remedy for the appellants.
Alternatively, Stacey Ritter and Brandy Ritter argue that the intentional act exception to the Louisiana Workers' Compensation Act[4] applies in this case and therefore summary judgment was inappropriate. The burden placed on an employee in an intentional tort suit against his employer is an onerous one. To prove intentional act the employee/plaintiff must show that the employer 1) consciously desired the physical result or 2) knew that the result was substantially certain to follow.[5] Presently, courts have failed to recognize that wanton or reckless disregard for public safety or gross negligence is sufficient to rise to the level of intentional tort.[6] Until there are consequences on employers for placing untrained workers in hazardous situations we will continue to witness senseless injuries and fatalities.
Although this argument was raised at the trial court level, in opposition to the defendants' motion for summary judgment, intentional act was not pled in the plaintiffs' petition. Further, the record in this case does not establish that the plaintiffs can make a prima facie showing under La. R.S. art. 23:1032(B) "intentional act" theory of recovery.
We are bound by the evidence in the record and the present status of the law. Thus, we do not find that the trial court erred in granting the summary judgment in favor of ConstructionSouth and The Gray Insurance Company.
AFFIRMED.
NOTES
[1] Athena Andrew-Hong and Amy Andrew-Lee filed case no. 2003-1690 and Stacey Ritter and Brandy Ritter filed case no.XXXX-XXXXX these cases were consolidated by the district court.
[2] Stacey Ritter and Brandy Ritter concede that Mr. Andrew was a borrowed servant.
[3] La. R.S. 23:1032 provides in pertinent part:

A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease. (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
[4] La. R.S. 23:1032(B) states:

B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
[5] Escande v. Alliance Francaise De la Nouvelle Orleans, XXXX-XXXX (La.App. 4th Cir.1/1905); 894 So.2d 488; also see Perret v. Cytec Industries, Inc., 04-745 (La.App. 5 Cir. 11/30/04); 889 So.2d 1121, writ denied 04-3004 (La.2/18/05); 896 So.2d 34; Craft v. Wal-Mart Stores, Inc., 01-564 (La.App 3rd Cir. 10/31/01); 799 So.2d 1211.
[6] Mouton v. Blue Marlin Specialty Tools, Inc., 01-648 (La.App. 3 Cir. 10/31/01); 799 So.2d 1215; Labbe v. Chemical Waste Management, Inc. 99-1562 (La.App.3/2900); 756 So.2d 613.