965 So.2d 1006 (2007)
Mack CLINTON and Rose Clinton, Plaintiffs-Appellants
v.
REIGEL BY-PRODUCTS, INC., et al, Defendant-Appellee.
No. 42,497-CA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
Rehearing Denied October 18, 2007.
*1007 Sam Jenkins, Jr., W. James Singleton, Shreveport, for Appellants.
Lunn, Irion, Salley, Carlisle & Gardner, by Penny N. Nowell, Shreveport, for Appellee.
Before CARAWAY, PEATROSS & MOORE, JJ.
PEATROSS, J.
This appeal arises from the death of Kenneth Clinton at a plant operated by Defendant, Louisiana Proteins, d/b/a Reigel By-Products Company. Plaintiffs, Mack and Rose Clinton, are the parents of Kenneth. Pursuant to granting Defendant's motion for summary judgment, the trial court dismissed the suit. Plaintiffs appeal. For the reasons set forth below, we affirm.

*1008 FACTS

On March 30, 2005, Kenneth was working at Louisiana Proteins, Inc, a chicken processing plant operated by Defendant. He was an inmate at Caddo Correction Center working at the plant as part of a work-release program under the Caddo Parish Sheriff's Department. At the time of his death, he had been working as a general laborer at the plant for approximately two weeks.
Defendant's plant processes animal by-products into a meal-like substance which is used in the manufacture of animal feed. During the processing, this substance escapes from the equipment and gathers on the plant floor. This excess must be gathered up and reintroduced into the production line. The meal is conveyed through the production line by augers in enclosed troughs. The troughs can be accessed by a rectangular door through which the meal from the floors is reintroduced. The manufacturer made the trough door with bolts that had to be unscrewed to open the door. At Defendant's plant, the door had been altered, in the distant past, with hinges and could be lifted open.
Kenneth's task the day of the accident was to sweep up the meal and reintroduce it into the production line with a shovel through the hinged door. Although there were no eyewitnesses to the accident, Kenneth's arm apparently got trapped in the auger which twisted his arm, causing his neck to break which caused his death. A line operator heard the safety device on the machine trip and an alarm sound. Responding immediately, the operator found Kenneth trapped in the machine. Kenneth was pronounced dead at the scene when help arrived.
The accident was investigated by the Caddo Parish Sheriff's Office. The investigators found one of Kenneth's gloves in a chute adjacent to the auger, and Defendant suggests that Kenneth dropped his glove in the auger while performing his work and instinctively reached for it. The investigators concluded that the incident was accidental.
Kenneth's parents brought this suit for wrongful death against Defendant, Caddo Parish Sheriff Steve Prator and the manufacturer of the auger apparatus. Plaintiffs appear to have reached a settlement with the manufacturer. Sheriff Prator was dismissed pursuant to a joint motion to dismiss. Defendant filed a motion for summary judgment. At the hearing on the motion, the trial court appears to have assumed that Kenneth was an employee of Defendant and it found that the accident was neither intentional nor substantially certain to occur. The trial court, therefore, found that there was no genuine issue of material fact as to whether Plaintiffs could establish an exception to Workers' Compensation, granted Defendant's motion for summary judgment and dismissed the suit.

DISCUSSION
The standard of review for the grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. Appellate courts review summary judgments de novo under the same criteria that govern a trial court's consideration of whether or not a summary judgment is appropriate-(1) whether there exists a genuine issue of material fact and (2) whether or not the mover is entitled to judgment as a matter of law. Id. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A *1009 genuine issue is a triable issue on which reasonable persons could disagree. Jones, supra, citing Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Further, a fact is material when "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Jones, supra, quoting Smith, supra.
In a motion for summary judgment, the burden of proof is on the movant. La. C.C.P. art. 966(C)(2). The movant's burden does not require him to negate all essential elements of the adverse party's claim; but, rather, the burden on the movant at summary judgment is to demonstrate an absence of factual support for one or more elements essential to the adverse party's claim. Then, if the non-movant fails to produce sufficient factual support to show he can meet his evidentiary burden at trial, there is no genuine issue of material fact. Id.
Employers are not liable in tort for an employee's injuries which occur within the scope and during the course of employee's duties, and the employee's exclusive remedy for workplace injuries is in Workers' Compensation. La. R.S. 23:1032(A). In determining whether an employment relationship exists, the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over an individual. Savoie v. Fireman's Fund Insurance Company, 347 So.2d 188 (La. 1977); Cassey v. Stewart, 31,437 (La. App.2d Cir.1/20/99), 727 So.2d 655, writ denied, 99-0811(La.4/30/99), 743 So.2d 209; Fuller v. United States Aircraft Insurance Group, 530 So.2d 1282 (La.App. 2d Cir. 1988), writ denied, 534 So.2d 444 (La. 1988), cert. denied, 490 U.S. 1046, 109 S.Ct. 1954, 104 L.Ed.2d 424 (1989). Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the power of control and dismissal. Savoie v. Fireman's Fund Insurance Company, supra.
For personal injuries sustained in the course and scope of employment, an employee is generally not allowed to recover tort damages against his employer and any co-workers. La. R.S. 23:1032(A); Evans v. Bossier Parish School Board, 39,718 (La.App.2d Cir.5/11/05), 903 So.2d 600. This immunity from tort actions, however, does not apply when the employee's injuries are as the result of an intentional act. La. R.S. 23:1032(B). In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court determined that an act is considered intentional whenever it is shown that the defendant either "consciously desired" the physical results of his conduct or was "substantially certain" that those physical results would follow from his actions. Gross negligence is insufficient for the intentional act exception. Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208. Violations of regulatory guidelines likewise do not meet the strict requirements of the exception. Reeves, supra.
The Louisiana Supreme Court has also set a high standard to satisfy the substantially certain aspect of the intentional act exception. "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." Reeves, supra. The term has been interpreted as being equivalent to "inevitable," "virtually sure" and "incapable of failing." Reeves, supra, quoting Jasmin v. HNV Central Riverfront Corp., 94-1497 (La.App. 4th Cir.8/30/94), 642 So.2d 311, writ denied, 94-2445 (La.12/9/94), 647 So.2d 1110; Evans, *1010 supra. This court has further recognized that the injured party's own negligence prevents an incident from being substantially certain. Evans, supra.
Plaintiffs assert that their claim is not preempted by Workers' Compensation because Kenneth was not an employee of Defendant, but was an employee of the Department of Corrections. We disagree. As evidenced by the work release agreement, Kenneth was considered an employee of Defendant. Defendant supervised him while at the job site and paid him directly. While particular conditions applied to both Kenneth and Defendant as part of the work release agreement, none of those requirements removed Kenneth from the employment relationship with Defendant. We consider, therefore, Kenneth to be an employee of Defendant.
Plaintiffs further argue that the incident falls under the intentional act exception to Workers' Compensation because the incident was substantially certain to occur. The fact that it was possible for a worker to get his arm trapped in the auger does not make it substantially certain to occur. Defendant points out that the same task had been performed in the same manner for at least the past 20 years and had been performed by Kenneth for the two weeks prior without incident. Given its rigorous requirements, we disagree that this incident was substantially certain to occur. It, therefore, does not meet the intentional act exception to Workers' Compensation, nor does the fact that, at some point in the distant past, a former owner of the facility had modified the entry mechanism for easier access. While this modification violated an OSHA safety guideline, that fact alone does not meet the intentional act exception. Reeves, supra. We find, therefore, that no genuine issue of material fact exists as to whether the incident was intentional or substantially certain to occur. The trial court correctly granted Defendant's motion for summary judgment.

CONCLUSION
For the reasons set forth above, we affirm the trial court's grant of Defendant's motion for summary judgment and its dismissal of the suit. Costs of appeal are assessed to Plaintiffs.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, PEATROSS & MOORE, JJ.
Rehearing denied.