982 So.2d 252 (2008)
Will ROGERS and Meshelle Taylor as Tutor and Undertutrix of Minor Children Depageon Marques Leguan Taylor and Imiya Lashelle Renea Taylor, Plaintiffs-Applicants
v.
LOUISIANA DEPARTMENT OF CORRECTIONS, Webster Parish Sheriff's Office, Labor Finders and Springhill Pallet Company, Defendants-Respondents.
No. 43,000-CW.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*254 Hollis, Washington & Wells, by Alex J. Washington, Jr., Shreveport, for Plaintiffs-Applicants.
Cook, Yancey, King & Galloway, by James R. Sterritt, Shreveport, for Defendant-Respondent Webster Parish Sheriff's Office.
Jeansonne & Remondet by Michael J. Remondet Donovan J. O'Pry, II Lisa C. McCowen, Lafayette, for Defendant-Respondent Springhill Pallet Company.
Before GASKINS, PEATROSS and LOLLEY, JJ.
GASKINS, J.
The plaintiffs filed a wrongful death and survival action arising from the death of Marcus Rogers which occurred while he was working at Springhill Pallet Company (Springhill). Springhill filed a motion for summary judgment in the trial court claiming that the plaintiffs' exclusive remedy was in workers' compensation. The trial court denied the motion. Springhill filed a writ application seeking supervisory review of the trial court ruling. This court granted the writ application to consider Springhill's claims. For the following reasons, we reverse the trial court judgment and render summary judgment in favor of Springhill.

FACTS
Marcus Rogers was incarcerated in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and was housed in the Webster Parish Jail. He was part of a work release program. Labor Finders, an employment service, secured temporary employment for the inmates with area businesses. Labor Finders contracted with Springhill to supply labor. Mr. Rogers was placed at Springhill. One of his duties involved operating a forklift.
On September 20, 2004, while Mr. Rogers was working at Springhill, the forklift he was driving tipped over, causing fatal *255 injuries. On April 12, 2005, the plaintiffs, Will Rogers and Meshelle Taylor, as the tutor and undertutrix of the decedent's minor children, Depageon Marques Leguan Taylor and Imiya Lashelle Renea Taylor, filed a wrongful death and survival action. Named as defendants were the DOC, the Webster Parish Sheriff's Office, Springhill, and Labor Finders.[1] The plaintiffs alleged that the DOC instituted the work release program and the Webster Parish Sheriff's Office contracted with the DOC to operate the program. The Webster Parish Sheriff's Office then agreed with Labor Finders to find jobs for the inmates. Labor Finders secured a job for the decedent at Springhill. According to the plaintiffs, the accident was caused by the gross negligence of the defendants. They claim that the defendants failed to properly supervise the decedent to ensure that he was provided a safe work environment. They also urge that the defendants failed to make certain that the decedent was employed in a position for which he was qualified. The plaintiffs additionally allege that the defendants failed to give the decedent the necessary training and supervision to avoid being placed in a position which created a substantial risk of death or great bodily harm to himself or others.
In their petition, the plaintiffs also averred that the accident falls within the intentional acts exception of the Louisiana Workers' Compensation Act (WCA).
Springhill filed a motion for summary judgment claiming that the plaintiffs' exclusive remedy was in workers' compensation. In its statement of undisputed facts, Springhill set forth the specifics of the accident and claimed that Springhill acted as the decedent's employer. Springhill stated that it furnished the place of employment and all related equipment for the job, the decedent's supervisors were all employees of Springhill, and the decedent received his work instructions from them. According to Springhill, it maintained control over the entirety of the decedent's work and he was performing the work of Springhill when the accident occurred. Springhill contended that it had the power and authority to dismiss the decedent from his employment. Springhill asserted that neither Labor Finders nor the Webster Parish Sheriff's Office ever monitored, supervised, or oversaw the decedent's activities at Springhill. Labor Finders paid the decedent, but only upon receipt of a time sheet from Springhill. Springhill maintained that there is no evidence to indicate that anyone at the company ever intended or desired that the decedent be injured. In support of its motion for summary judgment, Springhill submitted the affidavit and deposition of Malcolm Tyrone Peoples, the manager of the company, who answered questions about the operation of Springhill and the events concerning the accident.
In opposition to the motion for summary judgment, the plaintiffs asserted that there were genuine issues of material fact as to whether inmates can be considered employees of the defendants for the purpose of the exclusivity provisions of the WCA. They also contended that an inmate is not free to make a contract to work for an employer. The plaintiffs argued that Springhill did not qualify as a statutory employer or as a special employer. They asserted that the decedent was controlled by the DOC and not by Springhill or Labor Finders.
*256 The plaintiffs also claimed that there are genuine issues of material fact as to whether the defendants acted intentionally by virtue of their negligence, thereby contributing to the decedent's injuries and allowing the plaintiffs to seek compensation for their damages outside the scope of the WCA. The plaintiffs maintained that whether Springhill was comparatively negligent creates a genuine issue of material fact and precludes summary judgment. Also the plaintiffs argued that whether the accident was caused by gross negligence is a question of fact precluding summary judgment. The plaintiffs urged that Springhill failed to properly train the decedent in the use of a forklift and failed to require the use of a seatbelt while operating the forklift. They claimed that this conduct rose to the level of gross negligence, allowing them to pursue a tort remedy against the defendants rather than being limited to a workers' compensation claim.
A hearing on the motion was held on August 28, 2007. The lower court found that this was a very close case, but denied the motion for summary judgment. Springhill applied for supervisory writs. On November 1, 2007, this court granted the writ application and docketed the matter for decision.

LEGAL PRINCIPLES
Summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue is a triable issue on which reasonable persons could disagree. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Clinton v. Reigel By-Products, Inc., 42,497 (La. App.2d Cir.9/19/07), 965 So.2d 1006, writ not considered, 2007-2239 (La.2/15/08), 976 So.2d 168.
The initial burden of proof in summary judgment proceedings remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the nonmoving party to present evidence demonstrating that a material factual issue remains. The failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002.
If the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Jones v. Estate of Santiago, supra.
The standard of review for the grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). The reviewing *257 court uses the same criteria as the trial court in determining whether summary judgment is appropriate  whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Jones v. Estate of Santiago, supra.

EMPLOYEE STATUS
Springhill contends that it was the employer of the decedent and therefore is not liable in tort for the decedent's injuries and death which arose out of and were in the course of his employment with the company. According to Springhill, the plaintiffs' exclusive remedy is in workers' compensation. The plaintiffs argue that, as an inmate, the decedent could not be an employee of Springhill and, therefore, the plaintiffs may pursue a remedy in tort.
La. R.S. 15:711 authorizes the work release program for certain inmates and specifies that it is to be administered by the sheriff of the parish where the inmate is housed. Work release inmates are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers' compensation benefits. See Clinton v. Reigel By-Products, supra; Becnel v. Charlet, 446 So.2d 466 (La.App. 4th Cir. 1984); Parker v. State, 353 So.2d 333 (La. App. 1st Cir.1977), writ denied, 354 So.2d 1375 (La.1978); La. Atty. Gen. Op. Nos. 00-501, 94-456, 79-1502. See also Ardoin v. SWDI, 2005-334 (La.App. 3d Cir.11/2/05), 915 So.2d 1012.
Therefore, the decedent could be considered an employee of Springhill even though he was an inmate on work release. We next examine the arguments presented in this matter regarding whether the decedent was, in fact, an employee of Springhill.
Employers are not liable in tort for an employee's injuries which arise out of and are in the course of the employee's duties, and the employee's exclusive remedy for workplace injuries is in workers' compensation. La. R.S. 23:1032(A); Clinton v. Reigel By-Products, supra.
Springhill contends that it was the special employer of the decedent. The special employer concept is defined by La. R.S. 23:1031, which provides in pertinent part:
C. In the case of any employee for whose injury or death payments are due and who is, at the time of the injury, employed by a borrowing employer in this Section referred to as a "special employer", and is under the control and direction of the special employer in the performance of the work, both the special employer and the immediate employer, referred to in this Section as a "general employer", shall be liable jointly and in solido to pay benefits as provided under this Chapter. . . . The special and the general employers shall be entitled to the exclusive remedy protections provided in R.S. 23:1032. [Emphasis supplied.]
An individual may be the "general" employee of one employer and a "special" employee of another. The general employer is also referred to as the "lending" employer and the special employer is called the "borrowing" employer. The simplest example of this relationship is the labor pool (general employer) that hires out the labor pool employees to a special employer who will assume the control of the labor pool personnel in the performance of a particular task. Denis Paul Juge, Louisiana Workers' Compensation, § 7.4 (2d ed.2002), as cited in McGinnis v. Waste Management of Louisiana, L.L.C., 40,330 (La.App.2d Cir.10/26/05), 914 So.2d 612. This is exactly the situation in the present case where *258 the general or lending employer, Labor Finders, lent the employee, Mr. Rogers, to the special or borrowing employer, Springhill.
In order to determine whether a worker is the borrowed employee of another, the necessary questions to be asked are:
1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
2) Whose work is being performed?
3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?
4) Did the employee acquiesce in the new work situation?
5) Did the original employer terminate his relationship with the employee?
6) Who furnished the tools and place for performance?
7) Was the new employment over a considerable length of time?
8) Who had the right to discharge the employee?
9) Who had the obligation to pay the employee?
McGinnis v. Waste Management of Louisiana, L.L.C., supra; Johnson v. Rogers & Phillips, Inc., XXXX-XXXX (La.App. 4th Cir.7/21/99), 753 So.2d 286; Vaughn v. BFI Waste Systems of North America, Inc., XXXX-XXXX (La.App. 4th Cir.7/25/01), 793 So.2d 410.
In determining whether an employment relationship exists, the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over the individual. Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages, and the power of control and dismissal. Clinton v. Reigel By-Products, Inc., supra; Andrew-Hong v. Gray Insurance Company, XXXX-XXXX (La.App. 4th Cir.11/2/06), 945 So.2d 124.
Springhill contends that it had special employer status because, as a borrowing employer, it assumed full control of the employee in the performance of his job duties at the company. The company points out that it controlled the decedent's activities at work, had the power and authority to dismiss the decedent, and furnished the place of employment and all related equipment for the work. Even though the decedent was paid through Labor Finders, the amounts paid were based upon time sheets furnished by Springhill.
Springhill stated that its employees supervised the decedent during the workday and that no one from the DOC, the sheriff's office, or Labor Finders was present at the company to supervise or control the decedent. Springhill provided the deposition and affidavit of its manager to support its assertions.
The plaintiffs did not make any showing to dispute these facts. Therefore, the plaintiffs failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial to show that they are entitled to proceed under ordinary tort principles rather than under the remedies provided in workers' compensation.
Even though the decedent was an inmate, it was possible for him to be an employee of Springhill. In Clinton v. Reigel By-Products, supra, we noted that there was a work release agreement showing that the inmate was considered an employee of the defendant company. Although no agreement has been filed into the record here, there is no dispute that the decedent was an inmate participating in the work release program just as the *259 decedent in Clinton was. Springhill has established that there is no disputed issue of material fact that it was the special employer of the decedent and that the plaintiffs' exclusive remedy is in workers' compensation. The plaintiffs failed to come forth with any evidence disputing that fact. Therefore, the trial court erred in failing to grant summary judgment finding that Springhill was the employer of the decedent and that the plaintiffs' exclusive remedy is in workers' compensation.

INTENTIONAL TORT
The plaintiffs also pled the exception to tort immunity in workers' compensation actions afforded to intentional actions. According to Springhill, the plaintiffs have failed to show that any intentional act took place in this case resulting in the injury and death of the decedent, and thereby affording the plaintiffs a remedy in tort.
For personal injuries arising out of and in the course of his employment, an employee is generally not allowed to recover tort damages against his employer or coworkers. La. R.S. 23:1032. This immunity from tort actions does not apply when the employee's injuries are the result of an intentional act. La. R.S. 23:1032(B) provides:
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
An act is considered intentional whenever it is shown that the defendant either "consciously desired" the physical results of his conduct or was "substantially certain" that those physical results would follow from his actions. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Clinton v. Reigel By-Products, Inc., supra. Gross negligence is insufficient for the intentional act exception. Violations of regulatory guidelines likewise do not meet the strict requirements of the intentional act exception. Reeves v. Structural Preservation Systems, XXXX-XXXX (La.3/12/99), 731 So.2d 208; Clinton v. Reigel By-Products, Inc., supra; Hirst v. Thieneman, XXXX-XXXX (La.App. 4th Cir.5/18/05), 905 So.2d 343.
The mere knowledge of an employer that a machine is dangerous and that its use creates a higher probability that someone will eventually be injured is not sufficient to meet the "substantial certainty" requirement. Snow v. Lenox International, 27,533 (La.App.2d Cir.11/1/95), 662 So.2d 818.
In determining whether an act was intentional within the meaning of La. R.S. 23:1032(B), a court should be mindful that this exception has been given a narrow interpretation consistent with the policy rationale of the WCA and the legislative history of the exception. Snow v. Lenox International, supra.
The decedent's supervisor at Springhill, Malcolm Tyrone Peoples, testified in his deposition that the decedent told him that he knew how to drive a forklift and that he had prior experience operating a forklift. Mr. Peoples said that he observed the decedent's ability to drive the forklift before allowing him to perform that job. The plaintiffs complain that the decedent was not properly trained to operate the forklift and may not have been required to wear a seat belt while driving it. These allegations simply do not rise to the level of an intentional act. The plaintiffs have not claimed that anyone at Springhill desired that the decedent be injured. The plaintiffs have simply failed to show that the intentional act exception of La. R.S. 23:1032(B) applies to this matter. No genuine issue of material fact *260 exists as to whether this incident was intentional or substantially certain to occur.

CONCLUSION
For the reasons stated above, we reverse the trial court ruling and grant summary judgment in favor of the defendant, Springhill Pallet Company, and against the plaintiffs, Will Rogers and Meshelle Taylor, as the tutor and undertutrix of the minor children, Depageon Margues Leguan Taylor and Imiya Lashelle Renea Taylor, dismissing the plaintiffs' claims in tort. Costs in this court are assessed to the plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] The DOC was released from the lawsuit pursuant to an exception of no cause of action.