SAUNDERS, J.,
dissents and assigns written reasons.
|tTo me, the analysis of the issue in this case focuses too much on the law of the case and not enough on the law of the state. In my view, the issues of who is the employer of an inmate on work release and whether that injured work release inmate is entitled to workers’ compensation benefits have long been settled. See Reynolds v. Louisiana Plastic, 44,803 (La.App. 2 Cir. 10/28/09), 26 So.3d 149, writ denied, 09-2805 (La.3/5/10), 28 So.3d 1013; Rogers v. Louisiana Dep’t. of Corrections, 43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, writ denied, 08-1178 (La.9/19/08), 992 So.2d 931; Clinton v. Reigel By-Products, Inc., 42,497 (La.App.2d Cir.9/19/07), 965 So.2d 1006; Becnel v. Charlet, 446 So.2d 466 (La.App. 4th Cir.1984); Parker v. State, 353 So.2d 333 (La.App. 1st Cir.1977), writ denied 354 So.2d 1375 (La.1978); La. Atty. Gen. Op. Nos. 00-501, 94-456, 79-1502.
I am cognizant that the citations above contain no cases from this Court. However, the Rogers case was discussed by this court in Lee v. State, ex. rel. Department of Public Safety and Corrections, 10-1013 (La.App.3 Cir.3/30/11), 60 So.3d 106. In Lee, this court stated that it was, “convinced that the principles enunciated in Rogers with regard to work release inmates not being employees of the State are applicable to the matter before” them. Rogers appears to be in accord with the voluminous jurisprudence available on this issue.
|2I am mindful of La.Civ.Code art. 13 and its principle that when interpreting conflicting statutes, “the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.” Here, while admittedly not a statute, we have case law from three of our four sister courts directly on point. Rather than finding that case law persuasive, the majority opinion does not address these cases and finds that Cormier is not an employee of McNeese based on analysis generally used to adjudicate whether one is an employee of another.
Given the above, I would find that Cor-mier was the employee of McNeese. Accordingly, I respectfully dissent.