WILLIAMS, J.
| ,The plaintiff, Ronnie Thomas, appeals a district court’s summary judgment in favor of defendant, Sheriff Mike Tubbs, in his capacity as the administrator of the Morehouse Parish Work Release Program. The lower court dismissed the plaintiffs lawsuit. For the following reasons, we affirm.
FACTS
On July 8, 2013, the plaintiff, Ronnie Thomas, was incarcerated in the custody of the Department of Public Safety and Corrections (“DPSC”) and was housed in the Morehouse Parish jail. -He was a participant in a.work release program administered by the Morehouse Parish Sheriffs Office. Under the program, the plaintiff completed an application for employment with the Morehouse Parish Police Jury (“police jury”). He was subsequently hired and was assigned to the waste management department to work as a “hop-pef” on a garbage truck. The position required the plaintiff to ride at the rear of the garbage truck and to jump on and off the truck to collect garbage from roadside receptacles. The plaintiff suffered a work-related injury to his leg and hip when he accidentally fell, while jumping from the rear of one of the garbage trucks.
On June 9, 2014, the plaintiff filed a lawsuit seeking damages for his injuries. Named as defendants were the DPSC, the Morehouse Parish Sheriff and Ex-Officio *205 administrator for the Morehouse Parish Work Release Program (“the sheriff’) and the Morehouse Parish Police Jury’s Solid Waste Department. The plaintiff alleged, inter alia, that defendants had breached their duty to provide him with a safe working environment.
| ¿The sheriff filed a motion for summary judgment, arguing that he “owed no duty to provide Plaintiff with a safe work-placet.]” According to the sheriff, at the time of the plaintiffs injury, the plaintiff was employed by Morehouse Parish Solid Waste, a third-party entity. The sheriff argued that the police jury owed a duty to the plaintiff to provide a safe work environment. Similarly, the police jury moved for summary judgment, arguing that since the plaintiff was working as an employee of the police jury at the time of the accident, then his exclusive remedy was in workers’ compensation.
The plaintiff opposed the motions for summary judgment, arguing that he wás not a police jury “employee” within the ordinary sense of the term. He asserted that the sheriff had assigned him to work in the garbage department, set his hours and negotiated his pay. Additionally, he argued that his wages were paid through the inmate banking system.
Following a hearing, the district court granted summary judgment in favor of the sheriff, stating:
[The] Lee case says the incarcerating entity [that] allows an inmate to join a work -release program does not have a duty to provide the inmate with a safe working environment. Instead, the duty belongs to the employer!who enjoys the immunities provided for in worker’s compensation.
* # *
The Court does note that it does not find that there is any statute-that requires that of the sheriff to give a reasonable workplace. Considering the nature of the work, the person who hires the inmate and gets the benefit of that, this Court believes the sheriff is not responsible for providing the work release inmate with a safe working environment.
The plaintiff appeals.
^DISCUSSION
The plaintiff contends the district court erred in granting summary judgment in favor of the sheriff. The plaintiff argues that since he was an inmate housed in the custody of the sheriff of Morehouse Parish, then as custodian, the sheriff owed him a duty to provide and maintain a safe work environment.
The law regarding motions for summary judgment is well settled.[1] LSA-R.S. *206 15:711 authorizes the work release program for certain'inmates and specifies that it is to be administered by the sheriff of the parish where the inmate is housed. Work release inmates are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers’ compensation benefits. Rogers v. Louisiana Dep’t of Corr., 43,000 (La.App.2d Cir.4/30/08), 982 So.2d 252, writ denied, 2008-1178 (La.9/19/08), 992 So.2d 931; Clinton v. Reigel By-Products, Inc., 42,-497 (La.App.2d Cir.9/19/07), 965 . So.2d 1006, writ not cons., 2007-2239 (La.2/15/08), 976 So.2d 168. See also Becnel v. Charlet, 446 So.2d 466 (La.App. 4th Cir.1984); Parker v. State, 353 So.2d 333 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1375 (La.1978).
In Clinton, supra, the inmate, a participant in a work release program, sustained a fatal injury while working at a chicken processing plant. The inmate’s parents filed, a wrongful death lawsuit against .various defendants, including the.Caddo Parish sheriff and the processing plant. The sheriff was dismissed from the lawsuit pursuant, to a. motion for summary judgment. The plaintiffs opposed the plant’s motion for summary judgment, arguing that the inmate was an employee of the Department df 'Corrections, rather than an employee of the-plant. The district court granted summary judgment in favor of the plant. This Court affirmed, stating:
As evidenced by the work release agreement, [the inmate] was considered an employee of [the plant]. [The plant] supervised him-while at the job site and paid him directly. While particular conditions applied to both [the inmate] and [the plant] as part of the work release agreement, none of those requirements removed [the inmate] from the employment relationship with [the plant]. We consider, therefore, [the inmate] to be an employee of [the plant].
Id. at 1010.
In Rogers, supra, the decedent was housed in the Webster Parish Jail. He was killed while working at a pallet company as a participant in a work release program. His survivors filed a lawsuit, naming the Department of Corrections, the sheriff and the private employer as defendants. This court concluded that the private employer had proved that it was the decedent’s | (¡special employer and that workers’ compensation was thé plaintiffs’ exclusive remedy.
In Lee v. State ex rel. Dept. of Safety & Corr., 2010-1013 (La.App. 3d Cir.3/30/2011), 60 So.3d 106, writ not considered, 2011-0914 (La.6/17/11), 63 So.3d 1030, the plaintiff was an inmate participating in a work release program. He was assigned to a job at a lumber company and was injured while working. The plaintiff filed a lawsuit against the Department of Corrections, the Rapides.- Parish Sheriff and the Rapides Parish.Police. Jury. The Department of Corrections moved for summary judgment, arguing that the inmate was an employee of the lumber company, rather than an employee of the state. The court of appeal affirmed the district court’s’ grant of summary judgment, stating:
[W]e are convinced that' the principles enunciated in Rogers with regard to work release inmates not being, employ *207 ees of the State are applicable to the matter before us. .
The cases cited by Plaintiff in support of his assertion that the DOC owes a duty to provide inmates with a safe place to work are distinguishable from the matter before us because the inmates in those cases were injured while working on the property of the penal institution where they were incarcerated rather than being injured while participating in a work release program.
[[Image here]]
Id. at 109 (internal citations omitted).
In the instant case, the evidence of record revéals the following: the plaintiff voluntarily completed an application for employment with the Morehouse Parish Police Jury; the police jury set the plain- ■ tiffs salary at $7.25'per hour; the plaintiffs work 'hours were set by the police jury; the ^garbage truck, on' which the plaintiff was riding when he was injured, was owned by the police jury; and the plaintiff was trained and supervised by employees of the police jury.
In response to the sheriffs motion for summary judgment, the plaintiff did not submit any evidence to show that the sheriff was responsible for maintaining a safe workplace for the plaintiff at the time of his injury. The affidavits submitted into evidence established that the plaintiff was injured while collecting • garbage -in the course of his employment with the police jury. He was not injured on premises owned or controlled by the sheriff and he was not being supervised by the sheriff or any employees of the sheriffs department at the time of his injury. Accordingly, we find that the district court did not err in granting summary judgment in favor of the sheriff.
CONCLUSION .
For the reasons set for herein, we affirm the district court’s grant of summary judgment in favor of defendant, Sheriff Mike Tubbs, in his capacity as the administrator of the Morehouse Parish Work Release Program. Costs of the appeal are assessed to the plaintiff, Ronnie Thomas.
AFFIRMED.

. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. It is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s' determination of whether summary judgment is appropriate: i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Reynolds v. Bordelon, 2014-2371 (La.6/30/15), 172 So.3d 607; Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of .a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, the mover is required' to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. Id. A fact is material if - it potentially insures or- precludes recovery, affects a litigant’s ultimate success or determines the outcome of the legal dispute. A genuine issue of material *206 fact is' one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate, King v. Illinois Nat. Ins. Co., 2008-1491 (La.4/3/09), 9 So.3d 780; Todd v. Angel, 48,687 (La.App.2d Cir. 1/15/14), 132 So.3d 453, writ denied, 2014-0613 (La,5/16/14), 139 So.3d 1027.