740 So.2d 735 (1999)
Jerald JOWERS, Plaintiff-Appellee,
v.
LIBERTY CONSTRUCTION COMPANY, Defendant-Appellant.
No. 32,068-WCA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*736 Mayer, Smith & Roberts, L.L.P. by Frank K. Carroll, Shreveport, Counsel for Appellants.
Blackman & Perkins, L.L.C. by Gordon N. Blackman, Jr., Shreveport, Counsel for Appellee.
Before WILLIAMS, STEWART & PEATROSS, JJ.
PEATROSS, J.
Defendants, Liberty Construction Company ("LCC") and Liberty Mutual Insurance Company ("LMIC"), appeal the judgment of the Workers' Compensation Judge ("WCJ") awarding indemnity benefits to Plaintiff, Jerald Jowers ("Jowers"), for a period of time during which he was incarcerated for various criminal offenses, but during which he had not gone to trial. For the reasons stated herein, we reverse in part and affirm in part.

FACTS
The issue presented is one of law; therefore, the parties stipulated to the following facts:
1) Jowers was employed by LCC on August 6, 1992;
2) On August 6, 1992, while working for LCC, Jowers was involved in an accident which arose out of, and occurred in, the course and scope of his employment;
3) On August 6, 1992, Jowers' weekly wage was $320 and his temporary total disability benefit rate was $213.33 per week;
4) As a result of the August 6, 1992 accident, Jowers received from LMIC temporary total disability benefits in the amount of $213.33 per week from August 6, 1992, to April 10, 1996;
5) Jowers has not received any temporary total disability benefits or any other workers' compensation benefits since April 10, 1996;
6) Jowers remained lawfully detained at the Caddo and Bossier Parish detention centers pending trial on criminal charges from April 10, 1996, to February 16, 1998, the date of trial;
7) Angela Jowers, who was born April 10, 1979, is Jowers' only child; and
8) On August 2, 1990, Judge Gorman Taylor of the Caddo Parish Juvenile Court signed a judgment in the proceedings entitled "State of Louisiana, in the interest of Angela Jowers, minor *737 child of Barbara M. Savell, v. Jerald Wayne Jowers," No. 41981, ordering that Jowers pay the sum of $137.20 as child support on behalf of Angela Jowers and that this payment be made to the Department of Health and Human Resources Office of Eligibility Determination. Jowers was further ordered to pay said amount until Angela Jowers reached the age of majority, graduated from secondary school or until further modified by the court.
It is Jowers' position that as a pre-trial detainee, the provisions of La. R.S. 23:1201.4 do not apply to him; and, therefore, he is entitled to penalties and attorney fees as well as indemnity benefits. Defendants, however, assert that the provisions of the statute do apply to Jowers because he is not entitled to receive compensation benefits while he is "incarcerated." Defendants further argue that because Defendants initially did not have notice of Jowers' dependent, Jowers is not entitled to penalties and attorney fees. Finally Defendants assert that the amount of benefits payable to Jowers between the time he was incarcerated and his dependent reached the age of majority should be paid on the dependent's behalf to the Department of Health and Human Resources Office of Eligibility Determination.
In written reasons for judgment, the WCJ observed that the supreme court examined the legislative intent of La. R.S. 23:1201.4 in Clark v. Mrs. Fields Cookies, 97-0397 (La.1/21/98), 707 So.2d 17, and acknowledged that there was support for Defendants' position in language contained in Clark. The WCJ stated, however, that the supreme court's examination was done in the context of a prescription issue, rather than with respect to a pre-trial detainee. The WCJ questioned the basis for depriving an injured worker of his rights to benefits without a hearing or due process and concluded that an injured worker who is arrested, incarcerated and unable to make bail is "vastly different in status from one who is serving a sentence following a conviction for a crime, especially when his financial condition and ability to make bail are wholly interrelated to his injured status." Finding potential violations of the due process provisions of the Louisiana Constitution and the United States Constitution if an unconvicted, injured worker were deprived of workers' compensation benefits, not withstanding the comments in Clark, the WCJ found it doubtful that the legislature intended such a result for an incarcerated claimant not yet convicted of a crime. We disagree.

DISCUSSION
The provisions of La. R.S. 23:1201.4 state:
The employee's right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a workers' compensation judge finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers' compensation judge and such payments shall be considered as having been made to the employee. After release from incarceration, the employee's right to claim compensation benefits shall resume. (Emphasis ours.)
The words of a law must be given their generally prevailing meaning. La. C.C. art. 11. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538, rehearing denied; Waggoner v. Kellogg-Moore Oil Co., Inc., 375 So.2d 197 (La.App. 2d Cir.1979). The statute states, "any incarceration;" it is not ambiguous and does not distinguish the *738 status of the incarcerated individual. If the legislature intended to require an actual conviction of a crime, it would have so stated.
In Clark, supra, the supreme court reviewed the legislative history of the statute and quoted testimony given before the House Committee on Labor and Industrial Relations in which the purpose for enacting the statute was explained as follows:
[I]f an individual is in jail and not in a position to earn wages, he should not be entitled to receive workers' compensation benefits while incarcerated.... [T]he basic premise is that if an individual is in jail, he cannot be earning wages, as workers' compensation is a partial replacement of wages that someone is not able to earn.
Clark at 707 So.2d 20.
The Clark court also stated in a footnote:
Prior to the passage of the statute, the only Louisiana case that had considered the question of forfeiture of benefits was Crawford v. Midwest Steel Co., Inc., 517 So.2d 918 (La.App. 3d Cir.1987). There, the trial judge awarded total and permanent disability benefits to an incarcerated employee but suspended the inmate's right to receive payments while imprisoned. Citing our decision in Atchison v. May, 201 La. 1003, 10 So.2d 785 (La. 1942), he reasoned that the purpose of the social legislation was to insure that disabled employees have an income for their upkeep and maintenance during their disability. He concluded that it would be contrary to the purpose of the act to require payment of a weekly benefit to a worker who, because of his incarceration, required no upkeep and maintenance. The court of appeal reversed the order of forfeiture of benefits, noting that the authority to forfeit an injured worker's compensation benefits must be expressly provided by statute, the resolution of that issue being more appropriately left to the legislature. The enactment of La. R.S. 23:1201.4 constituted a legislative authorization of the result reached by the trial judge in Crawford.

Considering the above-quoted language from Clark, there can be little doubt that the legislature's intent in enacting the statute was not to punish an injured worker for being incarcerated, but to recognize that, during a term of incarceration, a worker requires no upkeep and maintenance because the state is providing the worker's needs through the correctional facilities. To do otherwise would allow an individual whose basic needs were already being supplied by the state to receive additional compensation benefits. Such a result would be a windfall for the incarcerated worker and would run counter to the general principle underlying our wage-loss benefit coordination laws, designed in part to preclude an employee from contemporaneously collecting duplicative wage-loss benefits. See Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95), 660 So.2d 841; La. R.S. 23:1225.
At the same time, the provisions of La. R.S. 23:1201.4 contain an exception to situations in which a workers' compensation judge finds an employee has dependents who rely on a compensation award for their support. In those cases, the compensation is to be made payable and transmitted to the legal guardian of the minor dependent or other persons designated by the workers' compensation judge. This exception is in harmony with the rationale of the statute discussed above.
In the case sub judice, there has not been such a dependency determination by the WCJ, but Defendants have stipulated that Angela Jowers is entitled to receive Jowers' compensation benefits of $213.33 per week for the period from April 10, 1996, to April 10, 1997, and have asked the court to name the payee. We find, therefore, that $137.20 per month, the amount of child support ordered to be paid on behalf of Angela Jowers by Jerald Jowers, should be paid to the Department of *739 Health and Human Resources, Office of Eligibility Determination, Shreveport, Louisiana, for that time period. We further find that the remainder of Jerald Jowers' temporary total disability benefits, as stipulated by Defendants, for the period from April 10, 1996, to April 10, 1997, should be paid directly to Angela Jowers because she attained the age of 18 on the latter date.
Jowers argues on appeal that dependency does not end at age 18 under the workers compensation act, citing La. R.S. 23:1201.4, 23:1233 and 23:1251.2. Our review of those three statutes reveals that they pertain only to death benefits. For that reason, and because the statute includes the words "minor dependent," we decline to extend compensation payments under the provisions of La. R.S. 23:1201.4 past the age of majority. All payments to Angela Jowers, therefore, will terminate effective April 10, 1997.

DECREE
For the foregoing reasons, we hold that the workers' compensation court erred in awarding Jerald Jowers temporary total disability benefits from April 10, 1996, through February 20, 1998. Accordingly, we reverse that portion of the judgment and amend it to award $137.20 per month of Jowers' temporary total disability benefits payable from April 10, 1996, through April 10, 1997 ($1,646.40), together with interest from the date each monthly payment was due, to be paid to the Department of Health and Human Resources, Office of Eligibility Determination, Shreveport, Louisiana. The funds shall be disbursed by that office in accordance with the judgment of October 1990 in No. 41,981 on the docket of the Juvenile Court for Caddo Parish. We further amend to award the remainder of Jerald Jowers' temporary total disability benefits of $787.23 per month for that time period ($9,446.76), along with interest from the date each monthly payment becomes due, to be paid directly to Angela Jowers. That portion of the workers' compensation court's judgment denying penalties and attorney fees is affirmed. Costs of appeal are assessed to Jerald Jowers.
REVERSED IN PART; AFFIRMED IN PART.