LOLLEY, J.
 

 hln this workers’ compensation case, plaintiff, Bobby Ray Reynolds, appeals a motion for summary judgment granted by the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, in favor of defendant(s), Louisiana Plastic, Louisiana Plastic Converting Corp., Louisiana Plastic Holding Co., and/or Louisiana Plastic Industries, Inc. (collectively “LP”). For the following reasons, we affirm.
 

 FACTS
 

 Bobby Ray Reynolds, a work-release inmate from the Ouachita Parish Correction Center, worked at the LP facility in West Monroe, Louisiana. On June 12, 2005, Reynolds collapsed from a heat stroke while working at the facility. On June 7, 2006, Reynolds sued LP, Frank Weeks, Richard Fewell, Sheriff of Ouachita Parish, and Deputy Linda Hale. This court granted writs and dismissed Sheriff Richard Fewell and Deputy Linda Hale after the trial court denied them motions for summary judgment. LP filed a separate motion for summary judgment which the trial court granted. Reynolds now appeals LP’s summary judgment.
 

 LAW AND DISCUSSION
 

 Reynolds contends that there was a delay of up to 40 minutes in calling for medical assistance and that caused him to suffer “profound injuries.” Further, Reynolds argues that this delay was an intentional act, and that trial court erred in granting the summary judgment. In the alternative, Reynolds argues that given that he was an inmate, LP did not establish its right to immunity from ordinary negligence. Specifically, Reynolds argues that LP did not establish that an inmate was eligible for 12workers’ compensation in accordance with La. R.S. 23:1032(A). Finally, Reynolds questions whether the trial court had subject matter jurisdiction over the instant action.
 

 Subject Matter Jurisdiction
 

 The district courts are vested with original jurisdiction over all civil and criminal matters unless the Constitution provides otherwise or except as provided by law for administrative agency determinations in worker’s compensation matters. La. Const. Art. V, Sec. 16. State district courts, as courts of general jurisdiction in all civil and criminal matters, are considered to have such jurisdiction unless specifically denied it. In other words, a claim for relief, even one which generally relates to worker’s compensation, remains within the jurisdiction of the district court unless, by a specific provision in the worker’s compensation act, the Louisiana Legislature has granted hearing officers the authority to adjudicate the claim or has designated the claim as a worker’s compensation matter.
 
 Williams v. Midwest Employers Cas. Co.,
 
 28,118 (La.App. 2d Cir.02/28/96), 669 So.2d 616,
 
 writ denied,
 
 1996-0820 (La.05/17/96), 673 So.2d 610. In the in
 
 *152
 
 stant case, the issue raised is whether workers’ compensation is the exclusive remedy for Reynolds. Here, there is no question that a motion for summary judgment asserted in district court is the appropriate venue to address the issues of immunity from tort liability.
 
 See Rogers v. Louisiana Dept. of Corrections,
 
 43,000 (La.App. 2d Cir.04/30/08), 982 So.2d 252,
 
 writ denied,
 
 2008-1178 (La.09/19/08), 992 So.2d 931.
 

 ^Standard of Review
 

 Having established that the trial court had subject matter jurisdiction over the instant matter, this court’s standard of review for the grant or denial of a motion for summary judgment is
 
 de novo. Jones v. Estate of Santiago,
 
 2003-1424 (La.04/14/04), 870 So.2d 1002. Appellate courts review summary judgments de novo under the same criteria that govern a trial court’s consideration of whether or not a summary judgment is appropriate: (1) whether there exists a genuine issue of material fact and (2) whether or not the mover is entitled to judgment as a matter of law.
 
 Id.
 
 A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue is a triable issue on which reasonable persons could disagree.
 
 Jones, supra.
 

 In a motion for summary judgment, the burden of proof is on the movant. La. C.C.P. art. 966(C)(2). The movant’s burden does not require him to negate all essential elements of the adverse party’s claim; but, rather, the burden on the mov-ant at summary judgment is to demonstrate an absence of factual support for one or more elements essential to the adverse party’s claim. Then, if the non-movant fails to produce sufficient factual support to show he can meet his evidentia-ry burden at trial, there is no genuine issue of material fact.
 
 Id.
 

 |
 
 ¿Employee Status
 

 First, we address whether Reynolds was an “employee” eligible to receive workers’ compensation despite his status as an inmate. In determining whether an employment relationship exists, the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over an individual.
 
 Clinton v. Reigel By-Products, Inc.,
 
 42,497 (La.App. 2d Cir.09/19/07), 965 So.2d 1006;
 
 Fuller v. United States Aircraft Insurance Group,
 
 530 So.2d 1282 (La.App. 2d Cir.1988),
 
 writ denied,
 
 534 So.2d 444 (La.1988),
 
 cert. denied,
 
 490 U.S. 1046, 109 S.Ct. 1954, 104 L.Ed.2d 424 (1989). Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the power of control and dismissal.
 
 Clinton, supra.
 

 In the instant case, Reynolds’ rate of pay and number of hours were controlled by LP. LP instructed Reynolds how to do his job and he was supervised by LP employees. Reynolds was also informed of LP’s policies and procedures. Reynolds does not dispute these findings. Furthermore, the record indicates that an Employers Work Release Agreement was executed between LP and the Sheriffs office which identified Reynolds as an employee of LP. Louisiana R.S. 15:711 authorizes the work release program for certain inmates and specifies that it is to be administered by the sheriff of the parish where the inmate is housed. In
 
 Clinton,
 
 we addressed an analogous situation and found that with a valid work release agreement, inmates were accurately considered employees of their private employers.
 

 
 *153
 
 |5Notably, Reynolds receives workers’ compensation benefits as a result of the incident which, in short, presupposes that he is an employee of LP and therefore we find that Reynolds has acquiesced to this status.
 

 Summary Judgment
 

 In light of our findings that Reynolds was an employee of LP, we next inquire as to whether, based on the record, summary judgment was appropriate. For personal injuries sustained in the course and scope of employment, an employee is generally not allowed to recover tort damages against his employer and any coworkers. La. R.S. 23:1032(A);
 
 Evans v. Bossier Parish School Board,
 
 39,718 (La.App. 2d Cir.05/11/05), 903 So.2d 600. This immunity from tort actions, however, does not apply when the employee’s injuries are as the result of an intentional act. La. R.S. 23:1032(B).
 

 In
 
 Bazley v. Tortorich,
 
 397 So.2d 475 (La.1981), the Louisiana Supreme Court determined that an act is considered intentional whenever it is shown that the defendant either “consciously desired” the physical results of his conduct or was “substantially certain” that those physical results would follow from his actions. However, the supreme court also explained that “believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.”
 
 Reeves v. Structural Preservation Systems,
 
 1998-1795 (La.03/12/99), 731 So.2d 208, 212. Furthermore, gross negligence is insufficient for the intentional act exception.
 
 Id.
 

 1 fiWhile we empathize with Reynolds’ health issues, nothing in the record supports Reynolds’ claim that the perceived delay to treat him was intentional. At the very least, the record reveals that several people acted on the information that Reynolds had collapsed: two phone calls were placed to 9-1-1; another call was placed to an LP manager; a call to the Sheriffs Department was made; and, several coworkers stayed with Reynolds waiting for help to arrive. Even if a delay in calling medical assistance had occurred, it certainly did not rise to the degree of gross negligence, nor was it “substantially certain” Reynolds would suffer subsequent health issues. As LP pointed out, Reynolds was the first inmate in the work-release program to have a heat stroke at the facility. We find that the evidence does not support Reynolds’ claim that LP management’s action (or alleged lack thereof) was intentional or that the results were consciously desired. Reynolds fails to produce sufficient factual support to show that he can meet his evidentiary burden at trial and therefore there is no genuine issue of material fact.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of LP. Costs of this appeal are to be borne by Bobby Ray Reynolds.
 

 AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, WILLIAMS, STEWART, PEATROSS and LOLLEY, JJ.
 

 Rehearing denied.