GASKINS, J.
 

 | )This appeal concerns an employee/inmate who was injured while participating in a work-release program. The workers’ compensation judge (WCJ) denied the claimant’s motion to compel and granted summary judgment in favor of the employer, dismissing the claimant’s suit. The claimant appealed. We affirm the WCJ’s decision.
 

 FACTS
 

 The claimant, Julius White, was an inmate at the Caddo Correctional Center (CCC) on drug charges. He was allowed to work outside CCC pursuant to the sheriffs work-release program. He assisted in a drilling operation for BHB Oil, Inc., for seven dollars an hour. On March 7, 2007, a pipe fell on his right hand, resulting in an amputation of the right index finger between the first and second joints. He was off work for about a week, then re
 
 *1117
 
 turned to light duty. In May 2007, the claimant was released to full-duty employment. However, on May 25, 2007, he was terminated by BHB Oil. In November 2007, after he was sent to a halfway house, the claimant was hired as a pallet worker by Nelson & Son; he was paid the same rate he earned for BHB Oil. The claimant was released from incarceration on April 14, 2008.
 

 In February 2008, the claimant had filed a disputed claim for compensation with the Office of Workers’ Compensation (OWC). On March 14, 2008, the employer filed a general denial.
 

 On July 29, 2008, the employer filed a motion for summary judgment. It sought dismissal on the basis that, pursuant to La. R.S. 23:1201.4, the claimant forfeited any entitlement to indemnity benefits during the 56 weeks | ahe remained incarcerated after the injury. It also maintained that the claimant admitted in his deposition that he suffered no subsequent functional limitations as a result of the injury and that he required no further medical treatment. The employer noted that the claimant was released to full employment within a short time after the injury. Accordingly, it maintained that the claimant was not entitled to any benefits.
 

 On August 5, 2008, the claimant filed a request for admission, interrogatories and production of documents. On August 25, 2008, he filed a motion to compel the employer to respond to his discovery requests. In opposition, the employer asserted that the claimant was “fishing” to support an already pending concurrent tort claim.
 

 On September 12, 2008, the claimant filed an opposition to the motion for summary judgment. At a hearing held that same day, the WCJ denied the claimant’s motion to compel.
 
 [1]
 
 However, he granted the employer’s motion for summary judgment. He also directed that the claimant was to see Dr. Barron O’Neal at the employer’s expense; the employer had already authorized the visit. The WCJ ordered a full dismissal with prejudice.
 

 On October 6, 2008, the claimant filed a notice of intent to seek writs and a motion for a stay. The WCJ stayed the proceedings. In pleadings to this court, the claimant argued that the OWC erred in denying the motion to compel and in denying him a reasonable time for a loss assessment. On | November 6, 2008, this court denied the writ on the showing made and stated that the claimant could seek review in conjunction with an appeal from a final judgment dismissing his compensation claim. On April 24, 2009, the WCJ lifted the stay order he previously granted.
 

 In the meantime, in March 2009, the claimant filed a motion for reconsideration of the proposed judgment. He also submitted a report from Dr. O’Neal assessing impairment percentages to the claimant as a result of the loss of half of his index finger. The employer opposed the motion for reconsideration on the basis that there was no statutory authority for it and proposed that the claimant should be sanctioned for filing a frivolous motion. Additionally, the employer argued that Dr. O’Neal’s report did not change the WCJ’s prior ruling. The doctor assessed an impairment rating of 50 percent to the right index finger, which would allow for an award of 15 weeks of compensation benefits. However, since the claimant was incarcerated for those 15 weeks, the em
 
 *1118
 
 ployer contended that the benefits were forfeited.
 

 A hearing was held on May 8, 2009. The claimant’s motion for reconsideration was denied. Judgment reflecting the WCJ’s rulings on September 12, 2008 was signed; it denied the claimant’s motion to compel, granted the employer’s motion for summary judgment, and dismissed the claimant’s petition. On May 20, 2009, the claimant requested written reasons for judgment. On June 1, 2009, the WCJ issued written reasons wherein he adopted the oral reasons he gave at the hearings on September |412, 2008, and May 8, 2009, as well as the arguments made by the employer on those dates. The claimant appealed the May 8, 2009, judgment.
 

 MOTION TO COMPEL
 

 The claimant argues that the WCJ erred in denying his motion to compel. He maintains that he should have been allowed more time to depose the owner of BHB Oil and obtain a loss assessment from Dr. O’Neal. In workers’ compensation cases, discovery shall be governed by La. C.C.P. art. 1421, et seq. L.A.C. 40:1.5915. A party generally may obtain discovery of any information that is relevant to the subject matter involved in the pending action. La. C.C.P. art. 1422. The court has broad discretion in ruling on discovery matters, including the discretion to deny discovery. La. C.C.P. art. 1426;
 
 Laburre v. East Jefferson General Hospital,
 
 555 So.2d 1381, 1385 (La.1990). In its discretion, a court can refuse or limit discovery of matters not relevant, unreasonably vexatious, or tardily sought.
 
 Lehmann v. American Southern Home Insurance Company,
 
 615 So.2d 923 (La.App. 1st Cir.1993),
 
 writ denied,
 
 617 So.2d 913 (La.1993);
 
 Guillory v. Bofinger’s Tree Service,
 
 2006-0086 (La.App. 1st Cir.11/3/06), 950 So.2d 682.
 

 The information sought by means of the motion to compel — deposition testimony by the owner of the employer on a possible retaliatory discharge claim — was not relevant to the issues being litigated before the WCJ. Also, Dr. O’Neal’s report merely corroborated the information already in the record in the claimant’s deposition that he had lost half of his | findex finger. Therefore, we find that the WCJ did not abuse his broad discretion in denying the claimant’s motion to compel.
 

 FORFEITURE OF BENEFITS DURING INCARCERATION
 

 Law
 

 The appellate court’s review of a grant or denial of a summary judgment is
 
 de novo. Independent Fire Insurance Company v. Sunbeam Corporation,
 
 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226;
 
 Schroeder v. Board of Supervisors of Louisiana State University,
 
 591 So.2d 342 (La.1991). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 In pertinent part, La. R.S. 23:1221 establishes the basis for awarding permanent partial disability (PPD) benefits:
 

 (4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:
 

 [[Image here]]
 

 (b) For the loss of a first finger, commonly called the index finger, sixty-six and two-thirds percent of wages during thirty weeks.
 

 [[Image here]]
 

 
 *1119
 
 (o) In all cases involving a permanent partial anatomical loss of use or amputation of the members mentioned herein-above, compensation shall bear such proportion to the number of weeks provided for herein for the total loss of such members as the percentage loss or impairment to such members bears to the total loss of the member, [ (¡provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.
 

 Work-release inmates are employees of their private employers and are entitled to workers’ compensation benefits. See
 
 Clinton v. Reigel By-Products, Inc.,
 
 42,497 (La.App.2d Cir.9/19/07), 965 So.2d 1006,
 
 writ not considered,
 
 2007-2239 (La.2/15/08), 976 So.2d 168;
 
 Rogers v. Louisiana Department of Corrections,
 
 43,000 (La.App.2d Cir.4/30/08), 982 So.2d 252,
 
 writ denied,
 
 2008-1178 (La.9/19/08), 992 So.2d 931;
 
 Reynolds v. Louisiana Plastic,
 
 44,803 (La.App.2d Cir.10/28/09), 26 So.3d 149.
 

 La. R.S. 23:1201.4, which pertains to forfeiture of workers’ compensation benefits during an employee’s incarceration, states:
 

 The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration, unless a workers’ compensation judge finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers’ compensation judge and such payments shall be considered as having been made to the employee. After release from incarceration, the employee’s right to claim compensation benefits shall resume. An employee who is incarcerated but is later found to be not guilty of felony criminal charges or against whom all felony charges have been dismissed by the prosecutor shall have the prescriptive period for filing a claim for benefits under this Chapter extended by the number of days he was incarcerated. [Emphasis added.]
 

 In
 
 Clark v. Mrs. Fields Cookies,
 
 1997-0397 (La.1/21/98), 707 So.2d 17, 19, the supreme court stated that the statute provided for the temporary forfeiture of the right to receive benefits so that inmates will not be receiving compensation checks while incarcerated.
 
 [2]
 

 In
 
 Jowers v. Liberty Construction Company,
 
 32,068 (La.App.2d Cir.6/16/99), 740 So.2d 735, this court stated:
 

 [TJhere can be little doubt that the legislature’s intent in enacting the statute was not to punish an injured worker for being incarcerated, but to recognize that, during a term of incarceration, a worker requires no upkeep and maintenance because the state is providing the worker’s needs through the correctional facilities. To do otherwise would allow
 
 *1120
 
 an individual whose basic needs were already being supplied by the state to receive additional compensation benefits. Such a result would be a windfall for the incarcerated worker and would run counter to the general principle underlying our wage-loss benefit coordination laws, designed in part to preclude an employee from contemporaneously collecting duplicative wage-loss benefits.
 

 The court then went on to mention the exception in La. R.S. 23:1201.4 for situations where the WCJ finds that the incarcerated person’s dependents rely on a compensation award for support; it noted that such an exception was in harmony with the statute’s previously discussed rationale.
 

 The words of a law must be given their generally prevailing meaning. La. C.C. art. 11. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.
 

 |
 
 ⅝Discussion
 

 Application of the provisions of La. R.S. 23:1221(4)(b) and (o) to the facts of the instant case would result in the claimant — who suffered amputation of 50 percent of his index finger — being entitled to PPD benefits of 66¾ percent of his wages for a period of 15 weeks. In argument before this court, counsel for the claimant asserted that these benefits would total slightly more than $3,000.00.
 

 While the claimant was generally entitled to workers’ compensation benefits, that right was limited by the provisions of La. R.S. 23:1201.4, which called for the forfeiture of his right to compensation benefits while incarcerated. Although the claimant argues that his right to compensation is merely suspended, the statute uses the word “forfeited.” Forfeiture is defined as “[t]he divestiture of property without compensation” or “[t]he loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of. duty.” Black’s Law Dictionary (8th ed.2004). The claimant was entitled to only 15 weeks of compensation for the partial amputation of his finger. Since he remained incarcerated for 56 weeks after the injury, he became divested of his right to the entire award. While the statute provides for the resumption of an employee’s right to claim benefits after his release from incarceration, it does not indicate that the claimant is allowed to go back and recoup benefits that would have accrued while he was incarcerated.
 
 [3]
 

 |3Under the plain wording of the statute, this claimant’s right to compensation benefits was forfeited during his period of incarceration.
 
 [4]
 
 Accordingly, like the WCJ, we find that summary judgment in favor of the employer is appropriate in the instant case.
 

 Because we affirm the WCJ’s granting of summary judgment in favor of the employer, the claimant’s requests for penalties and attorney fees are pretermitted.
 

 CONCLUSION
 

 The WCJ’s denial of the motion to compel is affirmed. Additionally, the WCJ’s
 
 *1121
 
 decision to grant summary judgment in favor of the employer is affirmed.
 

 Costs of this appeal are assessed against the appellant, Julius White.
 

 AFFIRMED.
 

 [1]
 

 . Counsel for the claimant stated that the motion to compel was primarily aimed at deposing Mark Wooldridge, the owner of BHB Oil, about the reasons for the termination of the claimant's employment.
 

 [2]
 

 . The issue considered in the
 
 Clark
 
 case was whether incarceration suspended the running of prescription for filing a workers' compensation claim while an injured worker remained confined. The court held that it did not. The last sentence of the current version of La. R.S. 23:1201.4 was added in 1999 to legislatively overrule that holding for inmates later acquitted or against whom all felony charges were dismissed. In
 
 Gobert v. S.W.D.I., L.L.C.,
 
 2008-1598 (La.App. 1st Cir.5/5/09), 13 So.3d 608, the first circuit found that the inmate employee in that case was not in the group entitled to a suspension of prescription during incarceration. The court concluded that while Gobert could not collect workers' compensation benefits while incarcerated, he had the right to file his cause of action while incarcerated.
 

 [3]
 

 . We interpret this portion of the statute as meaning that had the claimant been entitled to 15 weeks of compensation but remained incarcerated for only five weeks, he would have been entitled to claim the right to benefits for the 10 weeks remaining upon his release from confinement.
 

 [4]
 

 . According to his deposition testimony, the unmarried claimant had no children. The exception to forfeiture in La. R.S. 23:1201.4 for dependents relying upon a compensation award for support is inapplicable in this case.