LOLLEY, J.
|, Traci Lee Adams, individually, and on behalf of the minor children, Jordan Alexandra Adams and Kristen McKenzie Adams, appeals the judgment of the First Judicial District Court, Parish of Caddo, *740 State of Louisiana, wherein the trial court granted the City of Shreveport’s motion for summary judgment. For the following reasons, we affirm the trial court’s judgment.
FACTS
On February 21, 2009, Shreveport Fire Department Chief Tommy Adams (“Chief Adams”) fell from the top of a ladder truck while readying the truck for service following the Gemini Mardi Gras parade. Chief Adams sustained severe trauma to his spinal column resulting in a fractured neck.
Nearby emergency medical technicians, employed by the City of Shreveport (the “City”), rushed to Adams’ aid and attempted to stabilize him until he could be transported to the hospital. The EMTs fitted Adams in a cervical collar and placed him on a spine-board while awaiting an ambulance. Paramedics arrived after two to three minutes, recognized that Chief Adams was not receiving oxygen, and unsuccessfully attempted emergency oxygenation. Chief Adams arrived at Willis-Knighton Pierremont approximately seven minutes later where he was fully oxygenated; however, by that point Chief Adams had suffered severe and irreversible brain damage from lack of oxygen. Chief Adams died ten months later of complications resulting from injuries due to the lack of oxygen sustained that day.
lüTraci Lee Adams (“Adams”), Chief Adams’ wife, timely filed suit on behalf of herself and her two minor children, contending that the City’s response to Chief Adams’ injuries fell below a reasonable standard of care that should have been provided. In response, the City filed a peremptory exception of no cause of action arguing that the Louisiana Worker’s Compensation Act provided the exclusive remedy. The trial court granted the exception while also granting Adams 30 days to amend her original petition.
Adams submitted an amended petition contending that the City knew or should have known that Chief Adams’ injuries were substantially certain to occur as a result of the City’s actions. Again, the City filed a peremptory exception of no cause of action; however, the trial court denied the second peremptory exception finding that while the petition did not overcome the prohibition against claims pursuant to the “dual capacity” doctrine, the amended petition alleged facts which if believed might justify application of the intentional act exception to the exclusive remedies provided by the Louisiana Worker’s Compensation Act. The City sought supervisory review from this Court concerning the trial court’s denial of the peremptory exception, which writ was denied.
Subsequently, the case was transferred to a new trial judge. After discovery, the City filed a motion for summary judgment. Adams filed a second amended petition reiterating the claim made in her first amended petition that the City knew or should have known that Chief Adams’ injuries were substantially certain to occur as a result of the City’s actions. The trial ¡¡¡court granted the City’s motion for summary judgment finding that neither the pleadings, depositions, nor briefs supported an exception to the exclusive remedies provided by the Louisiana Worker’s Compensation Act. This appeal by Adams followed.
DISCUSSION
As her first assignment of error, Adams argues that the trial court failed to recognize that the City’s motion for summary judgment was a cleverly disguised peremptory exception of no cause of action which had already been denied by the previous trial judge and by this Court. Therefore, *741 Adams argues, the law of the case doctrine precluded the City from rearguing the issue of no cause of action. Further, Adams contends that the trial court’s failure to use the words “genuine issue of material fact” in its reasoning for granting the motion for summary judgment indicates that the trial court treated the motion for summary judgment as an exception of no cause of action. We disagree.
In the present case there is no indication that the City’s motion for summary judgment is merely a disguised exception of no cause of action as Adams contends. Initially, the trial court properly recognized that the additional allegations made in Adams’ first amended petition may have invoked the intentional act exception. At that point, the trial court denied the City’s exception of no cause of action, considering the allegations made therein as potentially falling within the intentional act exception. Whereas no evidence may be introduced at any time to support an exception of no cause of action, the standard of review for a motion for summary judgment fallows review of the evidence submitted in support of the motion in addition to the pleadings. La. C.C.P. art. 927(A)(5); La. C.C.P. art. 966. The subject pleading Adams questions was filed by the City following discovery. The record shows that the trial court’s review and analysis of the City’s motion for summary judgment covered much more than the pleadings and included consideration of discovery. Clearly the trial court treated the motion for summary judgment as such and not as another exception of no cause of action where the trial court would only consider the face of the petition. Therefore, this assignment of error is without merit and we need not consider whether the law of the case doctrine is applicable.

Summary Judgment

As her second assignment of error, Adams argues that the trial court erroneously granted the City’s motion for summary judgment. Adams contends that the decision by the Shreveport Fire Department not to supply cricothyroidotomy equipment (“quick-trach kits”) to all paramedic units substantiates a genuine issue of material fact supporting her allegations that the intentional act exception is applicable. As further support for application of the exception, Adams claims that radio communication between paramedic units broke down and caused a delay in the response of these units amounting to an intentional act by the City. Finally, Adams argues that personnel who treated Chief Adams failed to properly intubate him even though oxygenation equipment was available resulting in his additional brain injury and, therefore, the intentional act exception should apply. Again, we disagree.
IsThe plaintiff or defendant may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored by the courts and construed to accomplish these ends. La. C.C.P. art. 966. The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that it has evidence which, if believed, could satisfy its evidentiary burden of proof at trial. If there is no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Young, supra.
*742 An employee injured in the course of his employment is generally not allowed to recover tort damages against his employer. Clinton v. Reigel By-Products, Inc., 42,497 (La.App.2d Cir.09/19/07), 965 So.2d 1006, writ not considered, 2007-2239 (La.02/15/08), 976 So.2d 168. Rather, the employee’s exclusive remedy for workplace injuries is worker’s compensation, unless the employee’s injuries are the result of an intentional act. La. R.S. 23:1032(A) and (B); Clinton, supra. The intentional act exception to worker’s compensation is narrowly construed. Reeves v. Structural Preservation Systems, 98-1795 (La.03/12/99), 731 So.2d 208. Gross negligence does not equate to an intentional act, nor does the failure |f;to provide safety equipment or a violation of safety standards typically suffice to establish liability under the intentional act exception. Id.
Establishing that a workplace injury resulted from an intentional act requires evidence that the employer either (1) consciously desired the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knew that that result was substantially certain to follow from his conduct, whatever his desire may have been as to that result. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Reynolds v. Louisiana Plastic, 44,803 (La.App.2d Cir.10/28/09), 26 So.3d 149, writ denied, 2009-2805 (La.03/05/10), 28 So.3d 1013. Mere knowledge and appreciation of a risk does not constitute intent. Nichols v. Horseshoe Casino, 43,947 (La.App.2d Cir.01/14/09), 999 So.2d 1255.
Here the trial court properly granted the City’s motion for summary judgment as Adams failed to establish that her husband’s injuries resulted from an intentional act by the City. First, there is no argument that Chief Adams’ injuries were consciously desired by the City. Second, the City’s decision not to supply all emergency units with quick-trach kits does not rise to the level of intentional action necessary to trigger the intentional act exception to worker’s compensation exclusivity. It may have been foreseeable that one of the unequipped medical units would need a quick-trach kit; however, that a person at the parade may at some point suffer an injury requiring the utilization of a quick-trach does not rise to the level of substantial certainty needed to establish an intentional act. The same may be said for the City’s failure to maintain a functional communications |7network and its failure to utilize all the equipment available in order to treat Chief Adams. While these failures may provide grounds for a claim in negligence, absent worker’s compensation exclusivity, they do not match the narrow criteria necessary for application of the intentional act exception. Rather, the record reflects an effort by the City to respond to a dynamic emergency situation requiring rapid decision making which tragically failed to mitigate the injuries sustained by Chief Adams. The trial court correctly concluded that Adams had not produced any evidence which, if believed, would support a finding that the City knew its actions were substantially certain to result in the injuries suffered by Chief Adams, and summary judgment in favor of the City on this issue was proper.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of the City of Shreveport. All costs of this appeal are to be paid by Traci Lee Adams.
AFFIRMED.