PITMAN, J.
| plaintiffs, Tammy Todd and Teer Michael Todd, appeal a judgment granting a motion for summary judgment in favor of Defendants, Robert Angel, Robert Angel Builders, Inc., and General Fidelity Insurance Company. For the reasons stated herein, we affirm the judgment of the trial court.

*455
FACTS

In June 2008, the Todds were driving in Bossier City when they saw a “Parade of Homes” sign directing them to a new neighborhood called Oak Alley. The Parade of Homes was sponsored by the Homebuilders Association of Northwest Louisiana (“the HBA”). The Todds joined a group of people touring a home located at 205 Oak Alley Boulevard, which was built by Defendants Robert Angel/Robert Angel Builders, Inc. (collectively, “Angel”).
Since the house was very crowded, the Todds left the tour group and exited into the garage, which was also open for viewing. The floor of the garage was finished with an epoxy paint, which gave it a pebbled or marbled appearance. Through an open door in the garage, the Todds saw a stairwell leading to a bonus room above the garage. Mr. Todd preceded his wife up the stairs and found the area was unfinished, without drywall or floor covering. After Mrs. Todd also viewed the bonus room, she headed back down the stairs. At the landing, her ankle turned on the threshold located between the stairs and the garage floor and she fell, seriously injuring both of her feet and ankles. She was taken by ambulance to a nearby hospital where she underwent surgery for her injuries.
The Todds filed suit against Angel and his insurer, General Fidelity ^Insurance Company, and the HBA and its insurer, Ohio Casualty Insurance Company. The three allegations of causation in the petition included that (1) as Mrs. Todd stepped off the last stair, her foot “either caught on the threshold or she stepped partially on the threshold and partially on the unfinished floor thus causing her to lose her balance and fall to the floor;” (2) “The short area between the first step and the door threshold was unfinished. There was no flooring installed which resulted in a significant distance between the unfinished floor and the top of the threshold;” and (8) There was no warning of the missing flooring or the unfinished nature of the floor which would have alerted Mrs. Todd to the unsafe condition of the premises.
The HBA filed a motion for summary judgment, which was granted by the trial court. The Todds appealed the judgment, and this court reversed and remanded finding the HBA’s admissions regarding terms and conditions of the agreement with Angel, whose homes were featured in the tour, was a judicial confession as to the same, that the HBA owed a duty to exercise reasonable care for the safety of its patrons whom the HBA invited to view the homes and that a factual issue remained as to whether the HBA breached its duty. See, Todd v. Angel, 47,911 (La.App.2nd Cir.4/24/13), 114 So.3d 512.
Angel and his insurer also filed a motion for summary judgment supported by the deposition testimony of the Todds and Angel, as well as by the affidavits of Mr. Todd and Angel. Numerous photographs of the stairwell and threshold were introduced into evidence. The photographs were taken by Mr. Todd the day after the accident and several months later |sby an accident investigator hired by one of Angel’s insurers.
In her deposition, Mrs. Todd describes how the accident occurred as follows:
When I stepped down on-with my left foot, it-my ankle turned on something, and I went down my right foot-I-went down on my right foot, and my right leg, from my ankle up-... my foot came up and touched the side of my leg.
Mrs. Todd was also asked what the sensation was under her left foot when she felt like she was losing her balance or becoming unstable, and she responded, “I felt my ankle go out from under me.” She *456 was asked, “When you say it went out from under you, do you mean it turned?” and she replied, “It turned.” Mrs. Todd denied that any surface under her foot moved. When asked if her ankle turning caused her to lose her balance and fall, she replied, ‘Tes, sir.” Mrs. Todd responded “No, sir” when she was asked if there were “any substances on the floor, liquids or anything slippery, like oil or anything like that?”
In his affidavit, Mr. Todd averred that he returned to the home the day after the accident and took photographs of the stairs and threshold. He claimed that the photos show “the concrete slab at the bottom of the stairway was unfinished” and that “there should have been a slab on top of the concrete, but there wasn’t.” Mr. Todd also stated, “There was about a 3/4 inch to a one inch gap between the concrete at the foot of the stairs and the strip separating it from the floor of the garage.” He claimed that the threshold area was “unfinished leaving what proved to be a dangerous gap at the juncture of the two floors.” Mr. Todd claimed this gap was evident from the photographs he took, particularly in Exhibit No. 12, which was | introduced in Angel’s deposition.
In his affidavit and deposition submitted in support of the motion for summary judgment, Angel stated that there was no gap between the floors and the threshold and that the home was finished in every respect, with the exception of the bonus room above the garage that did not have drywall or floor covering. He stated that the reason for leaving the room in that condition was so that future owners could use it for any purpose they chose; however, the room was deemed to be completed, had passed inspection and the house was subsequently sold with the room in the same condition it was in on the day of the accident. Angel stated that the threshold was securely attached to the floor and that the only difference in elevation between the floors on each side of the door and the threshold, which provided a vapor lock between the garage and the stairs, was the depth of the epoxy paint on the garage floor of approximately 1/16 to 3/32 inch. Angel stated that the home had passed all applicable inspections months before the Parade of Homes tour. He also stated that he was present when the home was being shown and that approximately 600 to 800 persons had visited the home and crossed the threshold without incident.
After a hearing, the trial court granted Angel’s motion for summary judgment finding there was no question that an accident occurred, but that, based on the evidence, the threshold posed no unreasonably dangerous condition. The trial court stated that the area in question was open and obvious and could have been observed by any individual exercising reasonable care. The trial court also stated that it had taken into consideration Angel’s testimony that the home had passed final inspection 15and that a large number of people had walked over the area to look at the bonus room and there was no evidence that anyone else had tripped and fallen. Finding no evidence of an unreasonably dangerous condition and, thus, no genuine issues of fact which would warrant the case going forward to trial, the trial court granted summary judgment.
The Todds filed this appeal seeking review of the granting of Angel’s motion for summary judgment.

ARGUMENT

The Todds contend that there was a defect in the landing of the stairwell Mrs. Todd was descending just before her fall. They claim the finishing work on the threshold had not been completed, and both Angel and the HBA bear responsibili *457 ty for their negligence in permitting that portion of the million-dollar home to be included in the tour of the otherwise move-in-ready show home. They argue that this case is a “straight forward tort action” based on La. C.C. art. 2315 and a duty/risk analysis. They point out that it was never framed as a slip-and-fall case, nor did it ever rely on premises liability based on either statutory or jurisprudential law, despite Angel’s insistence that they must do so.[1]
The Todds argue that the questions are whether Angel, as the owner and builder, owed a duty to them to assure a safe and sound environment as they toured the home and whether Angel failed in that duty. They claim that this |6is a jury question, and there is adequate evidence to create a question for the jury to decide.
The Todds further argue that there is a difference between fault found in La. C.C. art. 2317.1, liability founded on damage caused by ruin, vice or defect in things, from that found in La. C.C. art. 2315, liability founded on acts causing damage. They contend that, to recover damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant’s custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect.
The Todds also argue that, under the duty/risk analysis, they had to prove that Angel had a duty to protect them, that he breached his duty by failing to conform his conduct to the appropriate standard of care, that this breach was a cause-in-fact of the injuries, that the injury was within the scope of protection of the duty and that there were actual damages.
The Todds assert that Angel had a duty to assure the invitees to the home that it was free of defects due to design or construction. They claim the evidence showed that there was “a gap” on the stairway side of the door’s threshold where it appears space was left for a piece of tile or carpet to be installed as a future buyer might choose. The finishing work on the threshold had not been completed; therefore, they claim, there was a defect in the landing of the stairwell where Mrs. Todd fell.
The Todds also contend that the trial court incorrectly found that a city inspection relieved Angel of any duty owed to them. They assert that |7there is no evidence in the record, other than Angel’s statement, which reflects any type of inspection, much less one which focused on the stairway to the bonus room above the garage. They further contend that the fact that no other person complained about the safety of the stairway to the bonus room is irrelevant and should not be a factor in determining whether Angel breached his duty to them. They conclude that genuine issues of material fact remain which should be presented to a jury.
Angel argues that the evidence presented shows that the area where Mrs. Todd fell was completely safe. He claims that the enclosed garage and stairwell were completely finished, properly and completely constructed, and had passed all applicable building code inspections. The area was well lit, open and obvious, and there were no foreign objects or substances present. The threshold was se *458 cured to the floor and did not move when Mrs. Todd stepped on it. Angel argues that the Todds admitted that Mrs. Todd’s fall occurred when her ankle “went out from under her” as she stepped onto the threshold in the doorway area. Angel claims he cannot be liable under La. C.C. art. 2317.1, or under any theory of negligence or fault, because the area where Mrs. Todd fell was completely safe for normal use.
Angel claims he never disputed that, as owner of the premises in question, he owed all duties of a premises owner under the applicable law. He argues that the undisputed evidence proves that the threshold did not present an unreasonable risk of harm to the Todds; thus, there was no breach of the duty owed to them and the trial court correctly granted his motion for summary judgment.

DISCUSSION

| sSummary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). The burden of proof remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but, rather, to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Scherer v. PNK (Bossier City), Inc., 47,901 (La.App.2d Cir.3/20/13), 112 So.3d 931.
We review the grant of a motion for summary judgment de novo. Schroeder, supra; Dowdy v. City of Monroe, 46,693 (La.App.2d Cir.11/2/11), 78 So.3d 791. A fact is material it if potentially insures or precludes recovery, affects a litigant’s ultimate success or determines the laoutcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780; Scherer, supra.
To recover for damages caused by a defective thing, a plaintiff must prove that the thing was in defendant’s custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused damage and that defendant knew or should have known of the defect. La. C.C. art. 2317.1. A “defect” in a thing, for which one having custody of the thing may be liable for damages caused, is a condition or imperfection that poses an unreasonable risk of injury to persons exercising ordinary care and prudence. The determination of whether a defect presents an unreasonable risk of harm is a matter wed to the facts and must be determined in light of facts and surrounding circumstances of *459 each particular case. Wynn v. Luck, 47,314 (La.App.2d Cir.9/26/12), 106 So.3d 111.
That an accident occurred as a result of a defect does not elevate the condition of the thing to an unreasonably dangerous defect. The degree to which a danger may be observed by a potential victim is a factor considered in the determination of whether a condition is unreasonably dangerous. In determining whether a defect or unreasonable risk of harm is present, the court must find the defect to be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent |1ftperson using ordinary care under the circumstances. The duty that a landowner owes to persons entering his property is governed by a standard of reasonableness, and a potentially dangerous condition that should be obvious to all is not unreasonably dangerous. If the facts of a particular premises liability case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Durmon v. Billings, 38,514 (La.App.2d Cir.5/12/04), 873 So.2d 872, writ denied, 04-1805 (La.10/29/04), 885 So.2d 588.
In the case sub judice, the Todds alleged that the accident occurred as Mrs. Todd stepped off the last stair and her foot either caught on the threshold or she stepped partially on the threshold and partially on the unfinished floor causing her to lose her balance and fall to the floor. They alleged that the fall was caused by the unfinished condition between the first step and the threshold because there was no flooring installed on the landing, resulting in a gap between the floor and the threshold. They further alleged that there was no warning of the missing flooring or the unfinished nature of the floor which would have alerted Mrs. Todd to the unsafe condition of the premises.
The evidence presented supports Angel’s motion for summary judgment and belies the Todds’ arguments. It cannot be inferred from the fact that the accident occurred at the threshold that the threshold was defective. In fact, the evidence presented by Angel was to the effect that the threshold was stable and firmly attached to the floor. There were no slippery substances on the floor which would have caused Mrs. Todd to slip, and she 1 uspecifically testified that, while stepping in the area of the threshold, her ankle turned, causing her to lose her balance and fall. Even if the alleged gap had existed, Mrs. Todd did not testify that her foot was caught in a gap, causing her to trip, lose her balance and fall. Further, although the Todds make much of the fact that the floor of the landing was “unfinished,” Angel testified that there was no difference in elevation of the two sides of the threshold other than the extremely minimal difference caused by the coat of epoxy paint on the garage floor and that the entire house had passed city inspections.
As the trial court noted, the area where the accident occurred was open and obvious to all persons who stopped to view the home. We agree that the area did not pose an unreasonable risk of harm; therefore, Angel did not breach the duty he owed to invitees to the home. Further, because we find the stair landing did not pose an unreasonable risk of harm to a prudent person using reasonable care under the circumstances, we find Angel had no duty to warn the Todds of the stairwell’s condition.

CONCLUSION

For the foregoing reasons, we affirm the trial court’s granting of summary judgment in favor of Defendants, Robert An *460 gel, Robert Angel Builders, Inc. and General Fidelity Insurance Company, and against Plaintiffs, Tammy Todd and Teer Michael Todd. Costs of appeal are assessed to Plaintiffs, Tammy Todd and Teer Michael Todd.
AFFIRMED.

. Despite this argument, the Todds proceed to argue that the construction of the threshold posed an unreasonable risk of harm which caused the accident, as surely they must since, otherwise, there would be no basis of liability. Angel would have no duty to warn if there was no unreasonably dangerous condition.