Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,143-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LYNDA B. GAUTHIER                        Plaintiff-Appellant

versus

FOSTER HOMES, LLC, AND              Defendant-Appellee
STATE FARM FIRE &
CASUALTY COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 596,211-B

Honorable Craig O. Marcotte, Judge

* * * * *

CHARLES ELLIOTT & ASSOC., LLC          Counsel for Appellant
By: Charles D. Elliott

MAYER, SMITH & ROBERTS, L.L.P.         Counsel for Appellee,
By: Caldwell Roberts, Jr.               Foster Homes, LLC

* * * * *

Before PITMAN, GARRETT, and STEPHENS, JJ.

**PITMAN, J**.

Plaintiff Lynda B. Gauthier appeals the judgment of the trial court granting a motion for summary judgment in favor of Defendant Foster Homes, LLC, and dismissing her suit against it. For the following reasons, we affirm.

**FACTS**

Plaintiff is a 67-year-old woman who is a multiple myeloma cancer survivor. On December 6, 2015, her home on Flournoy Lucas Road in Shreveport caught fire and was rendered uninhabitable. She contacted her homeowner's insurer, State Farm Fire & Casualty Company ("State Farm"), whose policy included loss of use coverage. She expressed her wish to remain on her property during the home restoration process, so her agent informed her that Defendant could provide her with temporary housing on her property. She contacted Defendant, and a mobile home was delivered to her.

The mobile home was set up on her lot around January 8, 2016. Although there is some question as to whether Plaintiff requested a handicap ramp to be placed beside the mobile home, Defendant installed a ramp to the left of the front door, parallel to the home. The ramp was virtually useless since the door to the mobile home opened outward, from right to left, instead of opening inward. There were stairs which led straight up to the door, with a handrail on the right side. There was no handrail on the left side of the stairs, presumably because the ramp was located there. The stairs ended at the door in a landing, but the landing was shallow so that when the door opened outward, there was very little room left on the landing for a person to stand while opening the door.

On January 22, 2016, as Plaintiff entered the home, she opened the door and tried to navigate the stairs and door. When she opened the door, she fell backward four feet off the landing, hitting the ground on her left side and on her head. She had an excruciating headache all day and night; the next morning she contacted her son and told him what had happened. He took her to the emergency room at Christus Schumpert Hospital in Shreveport where she was found to be almost unresponsive. A CAT scan was performed, and she was diagnosed with a life-threatening acute subdural hematoma and was transferred to University Health for emergency brain surgery. She spent several days recovering in the intensive care unit and several weeks in the hospital, including time at in-patient rehabilitation.

Plaintiff filed suit against Defendant and her insurer, State Farm, alleging that, as lessor, Defendant was strictly liable to her and that the outward opening door and limited landing created a dangerous situation and an unreasonable risk of harm. State Farm filed a peremptory exception of no cause of action, which was granted, and it was dismissed from the suit. Defendant responded that Plaintiff was at fault and that the condition of which she complained did not present an unreasonable risk of harm pursuant to La. C.C. art. 2317. Further, Defendant claimed that it did not have care, custody or control of any unreasonably dangerous condition and did not have actual or constructive knowledge of any unreasonably dangerous condition as required by La. C.C. art. 2317.1.

Plaintiff hired new counsel, who retained the services of engineering expert Philip Beard, who inspected the landing, steps, ramp and handrail. Beard prepared a report, signed an affidavit stating his findings and was deposed concerning those findings. His affidavit, prepared prior to his

2

deposition, states that the landing was 39 inches wide and 38 inches deep. He determined that, with the door being opened to 45 degrees, from right to left, there were only 16.56 inches left on the landing for a person to stand while opening the door. He drew diagrams with the measurements of the position of the door and the depth of the landing and concluded that "the small distance between Mrs. Gauthier and the landing edge created an unreasonable risk of harm and increased the likelihood of a misstep." He also opined that if a handrail had been on the left side, instead of the right, Plaintiff might have been able to reach back and grab it; however, because it was on the right, she was unable to stop her fall.

In his deposition, when questioned about which building codes were applicable to mobile homes, Beard replied that he used the International Residential Code ("IRC") and the International Building Code and opined that the Americans with Disabilities Act ("ADA") might apply, but was unsure, stating, "That's an interesting question and I'm not sure I can give you an answer. . . without further research." He was asked about the IRC section which was copied and attached to his report, specifically Section R311.1 dealing with egress, which stated that every landing shall have a minimum dimension of 36 inches measured in the direction of travel. He confirmed that the section required a landing of at least 36 inches. He was asked whether, had there not been a ramp attached to the stairs, would the landing and staircase have complied with the IRC, and he answered, "With respect to the thirty-six by thirty-six inch dimension, yes, that's correct." Other questions were posed regarding the position of the ramp, the slope of the ramp and its relation to the landing. He testified that had the ramp been installed on the right side of the door, its use would have caused a

noncompliance with the IRC code. He agreed that if the ramp were used as part of the landing, the slope of the ramp would violate Section R311.1.

After further discovery was completed, Defendant filed a motion for summary judgment alleging Plaintiff admitted in deposition that the ramp had nothing to do with the accident since she had entered the home by walking up the steps at the time the incident occurred. Defendant also claimed that Plaintiff's liability expert, Beard, testified in his deposition that the size of the landing was inadequate, but admitted that it did not violate any applicable building codes in the IRC. Defendant further claimed that because the size of the landing complied with applicable building codes, no reasonable juror could find that the landing presented an unreasonable risk of harm. It also claimed that where a condition is open and obvious and apparent to all, no legal duty is owed and summary judgment is appropriate.

In response, Plaintiff noted that, in deposition, Defendant's owner, Paul Malloy, testified that Plaintiff wanted a handicap ramp and that he believed the ADA applied to this commercial housing unit. He also testified that his company had provided her with a platform that was large enough for her to get in and out of the house.

Plaintiff also noted that Beard's affidavit, report and deposition found that the landing, ramp and door created an unreasonable risk of harm. Further, Beard opined that it might not have been so obvious to a person on the landing that it was too short for someone to open the door outward without having to step off and onto the stairs. He further stated in his report that the relationship of the door swing to the available maneuvering area for opening the door was subtle and not obvious and resulted in Plaintiff's fall from the landing as she moved backward in her attempt to open the door.

4

A hearing was held on the motion for summary judgment and the trial court found that the landing met the requirements of the IRC and that the defect, if any, was open and obvious to anyone who had been in and out of the mobile home in the time period it had been on Plaintiff's property and she had been using it. For those reasons, and "based on case law," the summary judgment was granted. On April 18, 2019, the trial court signed a judgment granting the motion for summary judgment filed by Defendant and dismissed it from the lawsuit, with prejudice, at Plaintiff's cost. Plaintiff appeals that judgment.

**DISCUSSION**

Plaintiff argues that this matter was before the trial court on a motion for summary judgment and the issue was the reasonableness of the configuration of the door, stairs, ramp and handrail. She asserts that summary judgment is rarely appropriate for the disposition of issues requiring a determination of the reasonableness of acts and conduct of parties under all the facts and circumstances of the case. She contends that this case clearly requires a determination of whether the method of entry into the mobile home was reasonable; and, therefore, the trial court erred when it overreached and made that determination.

Plaintiff further argues that the trial court erred when it made a factual determination that ignored expert testimony which reported that the stair setup was unreasonably dangerous. She claims that the lessor is strictly liable for the condition of the mobile home and that it should be free of vices and defects. Defendant was in charge of placing the steps, ramp, landing and handrail. Her expert testified that the location of the handrail rendering

it useless in helping her when she fell and the door opening outward instead of inward were causes of the accident.

Plaintiff also argues that the trial court ignored evidence in the record which conveyed the dangerous nature of the entry into the mobile home, i.e., the testimony of her son and her expert. There was photographic evidence depicting exactly how precarious the landing is; and this evidence, at the very least, created a genuine issue of material fact which needed to be determined after a trial on the merits. She contends that the trial court's role in summary judgment is not to evaluate the weight of the evidence or to determine the truth of the matter, but, rather, to determine whether there is a triable issue of material fact.

Plaintiff further argues that the trial court erred in making a factual determination, without evidence, that the dangerous condition was "open and obvious" to her because it opined that as she walked up the stairs, she should have been aware that there was no handrail on the left hand side.

Plaintiff also claims that the trial court erred when it conflated "open and obvious" with her knowledge that there was an unreasonably dangerous condition. She argues that the trial court combined the issues of whether the condition of the property was open and obvious with whether it was unreasonably dangerous and decided that because she knew there was a missing handrail, she should have been aware that the condition was unreasonably dangerous and, supposedly, should have exercised greater caution. She contends that she had moved into the temporary housing only a few weeks prior to the accident. There was no evidence presented about the number of times she had entered or exited the house. Further, there was no evidence that she was aware of the danger that she might fall and hit her

6

head.  In fact, her expert witness testified that the landing/door/

stairs/ramp/handrail were not an obvious danger.  She contends that factual

inferences should be construed in favor of the party opposing the motion.

Based on the foregoing arguments, Plaintiff asserts that there are

many genuine issues of material fact concerning this case and summary

judgment is, therefore, inappropriate.

Defendant argues that the case was appropriate for summary judgment

because no reasonable juror could conclude that the landing presented an

unreasonable risk of harm.  It asserts that the landing was a standard size that

met the requirements of the building code and that any danger associated

with any part of the entryway is open and obvious to all.  It claims that if the

danger is open and obvious to all, it cannot constitute an unreasonably

dangerous condition sufficient for the imposition of liability.  It contends

that the standard for summary judgment was met and should not be reversed

on de novo review.

La. C.C.P. art. 966(D)(1) concerns proof on motions for summary

judgment and states as follows:

> The burden of proof rests with the mover. Nevertheless, if the
> mover will not bear the burden of proof at trial on the issue that
> is before the court on the motion for summary judgment, the
> mover's burden on the motion does not require him to negate
> all essential elements of the adverse party's claim, action, or
> defense, but rather to point out to the court the absence of
> factual support for one or more elements essential to the
> adverse party's claim, action, or defense. The burden is on the
> adverse party to produce factual support sufficient to establish
> the existence of a genuine issue of material fact or that the
> mover is not entitled to judgment as a matter of law.

We review the grant of a motion for summary judgment de novo.

*Todd v. Angel*, 48,687 (La. App. 2 Cir. 1/15/14) 132 So. 3d 453, *writ denied*,

14-0613 (La. 5/16/14), 139 So. 3d 1027.  A fact is material if it potentially

7

ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Id*. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id*.

To recover for damages caused by a defective thing, a plaintiff must prove that the thing was in defendant's custody, that the thing contained a defect, that this defective condition caused damage and that defendant knew or should have known of the defect. La. C.C. art. 2317.1. A "defect" in a thing, for which one having custody of the thing may be liable for damages caused, is a condition or imperfection that poses an unreasonable risk of injury to persons exercising ordinary care and prudence. *Todd*, *supra*. The determination of whether a defect presents an unreasonable risk of harm is a matter wed to the facts and must be determined in light of facts and surrounding circumstances of each particular case. *Id*., *citing Wynn v. Luck*, 47,314 (La. App. 2 Cir. 9/26/12), 106 So. 3d 111.

That an accident occurred as a result of a defect does not elevate the condition of the thing to an unreasonably dangerous defect. *Todd*, *supra*. The degree to which a danger may be observed by a potential victim is a factor considered in the determination of whether a condition is unreasonably dangerous. *Id*. In determining whether a defect or unreasonable risk of harm is present, the court must find the defect to be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Id*. If the facts of a particular premises liability case show that the complained of condition should be obvious to all, the condition may

8

not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. *Id.*

In *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So. 3d 851, the court stated that under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. For an alleged hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. *Id.*, *citing Broussard v. State ex rel. Office of State Buildings*, 12-1238 (La. 4/5/13), 113 So. 3d 175; *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04) 866 So. 2d 228.

IRC Section R311.3,[1] concerning floors and landings at exterior doors, states as follows:

> There shall be a landing or floor on each side of each exterior door. The width of each landing shall not be less than the door served. Every landing shall have a dimension of not less than 36 inches (914 mm) measured in the direction of travel.

Beard testified that the landing in question measured 38 inches by 39 inches, therefore complying with the requirement of the IRC. We find any suggestion by Plaintiff that the ADA applies to the situation at bar to be without merit since her expert could not definitively say whether it does. There is no genuine issue of material fact that the landing complies with the safety requirements required by the IRC.

Further, we find that neither the placement of the ramp nor the lack of handrail on the left side of the stairs creates a genuine issue of material fact with regard to the dangerous nature of the landing. Common sense dictates that a door that opens from right to left will be opened with the left hand so

---

[1] This quotation of Section R311.3 was from the 2015 version of the IRC.

that it will swing open and allow entry. The handrail is located on the right side, and if a person has to step backward after opening the door, the handrail on the right side is there for support. The alleged defect in this case does not constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. A review of the diagrams submitted with Beard's report supports this theory. Therefore, no genuine issues of material fact exist concerning the condition of the landing or handrail.

The summary judgment evidence shows that the complained-of condition should have been obvious to all. Plaintiff had been living in the home for at least two weeks prior to her accident. Although the number of times Plaintiff had entered or left the home via the stairs was not presented to the court, she had used the entry numerous times and should have been aware of the configuration of the stairs, railing and door. This was a condition that was open and obvious to anyone. Therefore, we find no genuine issue of material fact with regard to the open and obvious nature of the landing.

## CONCLUSION

For the foregoing reasons, the judgment granting the motion for summary judgment in favor of Defendant Foster Homes, LLC, and against Plaintiff Lynda B. Gauthier is affirmed. Costs of appeal are assessed to Plaintiff Lynda B. Gauthier.

**AFFIRMED.**